■ In the Matter of ANDREW LIGAMMARI, Appellant, v MICHAEL J. NORRIS et al., as Commissioners of Niagara County Board of Elections, et al., Respondents. [719 NYS2d 787] —Order unanimously affirmed without costs. Memorandum: Petitioner commenced this special proceeding pursuant to Election Law § 16-102 seeking an order validating his designating petitions and designating him as a Republican Party candidate for County Court Judge in Niagara County for the Republican primary on September 12, 2000. Petitioner contends, *inter alia,* that respondent commissioners erred in invalidating signatures on the ground that the voter listed his or her postal address rather than the actual town or city of residence. We disagree. Pursuant to Election Law § 6-134 (12), the use of a postal address will not invalidate a signature on a designating petition "provided that proof that such address is the accepted address of such signer is provided to the board of elections no later than three days following the receipt of specific objections to such signature." No such proof was provided, and thus there was no "substantial compliance" with subdivision (12) (Election Law § 6-134 [10]). We conclude, therefore, that Supreme Court properly invalidated the signatures that failed to comply with Election Law § 6-134 (12). In addition, the court properly invalidated the signatures that did not comply with the town/city designation requirement (*see, D'Amico v Mahoney,* 115 AD2d 348; *Matter of Scamacca v Mahoney,* 104 AD2d 730; *see also, Matter of Frome v Board of Elections,* 57 NY2d 741, 742). In view of our determination, we do not reach petitioner's remaining contentions. (Appeal from Order of Supreme Court, Niagara County, Lane, J.—Election Law.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Kehoe, JJ. (Filed Aug. 23, 2000.)