■ In the Matter of FRANZ N. STOPPENBACH, JR., Appellant-Respondent, v JOHN E. SWEENEY, Respondent-Appellant, et al., Respondents. [746 NYS2d 328] —Per Curiam.

Petitioner commenced this proceeding challenging the sufficiency of the designating petition naming respondent John E. Sweeney (hereinafter respondent) as the Independence Party candidate for Member of Congress for the 20th Congressional District in this year's primary election. Supreme Court ruled in favor of petitioner, finding 69 of the 616 signatures on respondent's designating petition to be invalid and leaving respondent with 547 valid signatures compared with the required 591 (see Election Law § 6-136).

On these cross appeals,* the parties focus on the signatures that Supreme Court ruled to be invalid on the ground that the signers had entered an incorrect town or city of residence, in violation of Election Law § 6-130, which provides that "a designating petition must set forth in every instance the name of the signer, his or her residence address, town or city (except in the city of New York, the county) and the date when the signature was affixed."

We are constrained by our precedents to agree with Supreme Court that signers of designating petitions must comply with the statute by including their town or city of residence (see Matter of Frome v Nassau County Bd. of Elections, 57 NY2d 741, 742; Matter of Zobel v New York State Bd. of Elections, 254 AD2d 520, 522; see also Matter of Ligammari v Norris, 275 AD2d 884, 884). Although we are mindful of the Federal District Court's well-reasoned conclusion in Molinari v Powers (82 F Supp 2d 57, 72-73) that the town or city information prescribed by Election Law § 6-130 is no longer necessary to enable a board of elections to confirm the residence of one who signs a designating petition, we have previously considered the availability of computerized voter registration records on this issue and rejected that as a basis for a constitutional challenge

---

* Although petitioner filed a notice of cross appeal, his cross appeal must be dismissed because he is not technically aggrieved by Supreme Court's judgment which granted his petition and invalidated respondent's designating petition (see CPLR 5511).

(see *Matter of Zobel v New York State Bd. of Elections, supra* at 522).

Finally, we find respondent's alternate contention that Supreme Court should have reduced the number of required signatures in proportion to the abbreviated time permitted for the circulation of his petition to be without merit here. Accordingly, we affirm the judgment.

Crew III, J.P., Mugglin and Rose, JJ., concur.

Carpinello, J. (dissenting). We respectfully dissent and would reverse the judgment of Supreme Court under the rationale of *Molinari v Powers* (82 F Supp 2d 57, 72-73), particularly in light of petitioner's concession that all of the signatures invalidated by virtue of the "town/city 'trap' " (*id.* at 63) were duly enrolled voters of the Independence Party and there is no hint that the otherwise valid signatures were fraudulently obtained.

Lahtinen, J., concurs. Ordered that the judgment is affirmed, without costs.