FOURTH DEPARTMENT, AUGUST, 2003

(August 20, 2003)

■ In the Matter of JOHN M. PTAK, Respondent, v ERIE COUNTY BOARD OF ELECTIONS, Respondent, and JOSEPH HAJDUK, Appellant. [763 NYS2d 516] —Appeal from an order of Supreme Court, Erie County (Mahoney, J., for Notaro, J.), entered August 8, 2003, which invalidated the designating petition of respondent Joseph Hajduk for nomination as a candidate for Supervisor of the Town of Cheektowaga in the Democratic Party primary.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Joseph Hajduk (respondent) appeals from an order invalidating his designating petition for nomination as a candidate for Supervisor of the Town of Cheektowaga in the Democratic Party primary to be held on September 9, 2003. Supreme Court properly determined that respondent's designating petition contains signatures that are invalid because the signers listed the village, and not the requisite town, where they reside (*see* Election Law § 6-130). Respondent attempted to cure the defect pursuant to section 6-134 (12) by submitting unsworn statements signed by the Clerk of the Village of Depew and a United States postal worker stating that certain streets are located within the Town of Cheektowaga. In our view, that section does not afford a cure for the absence of a

town or city, but only for the use of a post office address. Even assuming, arguendo, that each of the contested signatures could be cured by "proof that such address is the accepted address of such signer" (*id.*), we conclude that the unsworn statements submitted by respondent do not substantially comply with the requirements of section 6-134 (12) (*see Matter of Ligammari v Norris*, 275 AD2d 884 [2000]), and thus the contested signatures are invalid.

In light of our determination, we do not address petitioner's remaining contentions. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Hayes, JJ.