Matter of Wymczak v Niagara County Bd. of Elections (2025 NY Slip Op 03225)

Matter of Wymczak v Niagara County Bd. of Elections

2025 NY Slip Op 03225

Decided on May 28, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

573.1 CAE 25-00710

[*1]IN THE MATTER OF SCOTT WYMCZAK, PETITIONER-RESPONDENT,
v
NIAGARA COUNTY BOARD OF ELECTIONS, RESPONDENT, AND MARIA FABRIZIO, RESPONDENT-APPELLANT. 

PENBERTHY LAW GROUP, LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR RESPONDENT-APPELLANT. 
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC, BUFFALO (JOSEPH T. BURNS OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Niagara County (Mario A. Giacobbe, A.J.), entered April 29, 2025, in a proceeding pursuant to Election Law article 16. The judgment restrained and prohibited respondent Niagara County Board of Elections from placing the name of respondent Maria Fabrizio on the 2025 primary and/or general election ballot as a Democratic Party candidate for the office of Niagara County Legislator for the 15th Legislative District. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Election Law article 16 seeking to invalidate the designating petition of respondent Maria Fabrizio (respondent) as a Democratic Party candidate for the office of Niagara County Legislator for the 15th Legislative District. Respondent's designating petition, which contained 138 signatures, was submitted to respondent Niagara County Board of Elections (Board). Upon consideration of petitioner's objections, the Board reduced the number of valid signatures to 136. The parties agree that the designating petition required at least 111 valid signatures. Following a hearing, Supreme Court invalidated 58 signatures because the signers did not list the correct "City/Town" names alongside their residence addresses, providing instead the names of various hamlets, villages, or other jurisdictions. The court separately invalidated six sheets, containing an additional 76 signatures, on the ground that the subscribing witness provided an incorrect "Town or City" in the witness identification information on those sheets. The court prohibited the Board from placing respondent's name on the primary or general election ballot. Respondent appeals. We affirm.
Election Law § 6-130 provides that "[t]he sheets of a designating petition must set forth in every instance the name of the signer, [their] residence address, town or city . . . , and the date when the signature is affixed." Where a signer does not "accurately set forth the town," that person's signature will be invalidated, because "compliance with the statute . . . constitutes a matter of substance and not of form" (Matter of Stoppenbach v Sweeney , 98 NY2d 431, 433 [2002]; see Matter of Frome v Board of Elections of Nassau County , 57 NY2d 741, 742-743 [1982]; Matter of Ptak v Erie County Bd. of Elections , 307 AD2d 1072, 1072-1073 [4th Dept 2003]). Because 58 of respondent's signatures were properly invalidated for that reason, and her designating petition therefore does not have the requisite number of valid signatures, it is not necessary to address petitioner's objections on the basis of the incorrect town name provided by a subscribing witness.
Entered: May 28, 2025
Ann Dillon Flynn
Clerk of the Court