Per Curiam.

In this case, pursuant to the provision of section 335 of the Election Law, notice was directed to be given by personal service or, in the alternative, by mail posted on or before September 24, 1976. In fact, as is undisputed the mailing here occurred on September 22 and was in all respects in conformity with the directions for the giving of notice set forth in the order to show cause.
We agree with the courts below that this proceeding was properly and timely commenced. The method of service directed in the order to show cause was reasonably calculated to give notice to the necessary parties, and the mailing was made at such time and in such manner as would normally be expected to result in receipt by the addressees within the statutory 14-day period (cf. Schroeder v City of New York, 371 US 208; Mullane v Central Hanover Trust Co., 339 US 306). We hold that in these circumstances, including the concession that there had been a mailing, proof of actual receipt of the mailing is not required. (Cf. Dulberg v Equitable Life Assur. Soc., 277 NY 17; Trusts & Guar. Co. v Barnhardt, 270 NY 350; News Syndicate Co. v Gatti Paper Stock Corp., 256 NY 211.) To the extent that in other cases we have been concerned with the actual receipt of the mailed notice, we observe that in none was the mailing accomplished at a time when it might reasonably have been expected that receipt would occur within the statutory period. In such instances it then became critical, of course, to determine whether actual receipt had in fact been timely.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed, without costs. Question certified answered in the negative.