### (August 25, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEL PATRICK LYNCH and DOMINICK BYRNE, Appellants.—Motion by respondent to amend the opinion of this court in the above-captioned appeal, dated April 10, 1978, and reported at 61 AD2d 723 *et seq.* Motion granted to the extent that (1) the references to the time "2:10 P.M." appearing at the following pages and lines are deleted and the time "12:50 P.M." substituted therefor: 61 AD2d 725, line 41 and line 43; 61 AD2d 726, line 2, line 7 and line 41; 61 AD2d 727, line 9; and (2) the clause "and to Assistant United States Attorneys Feffer and Pedowitz", is deleted from 61 AD2d 726, lines 18 and 19. Damiani, J. P., Suozzi, Rabin and Shapiro, JJ., concur.

■ In the Matter of JAY BERMAN et al., Respondents-Appellants, v AUGUST S. VENTURINI et al., Appellants-Respondents.—In a proceeding, *inter alia,* to invalidate the petition designating certain of the respondents as candidates in the Republican Party primary election to be held on September 12, 1978 for the party office of County Committeeman from the 45th Assembly District, certain of the respondents appeal from so much of a judgment of the Supreme Court, Kings County, dated August 21, 1978, as, *inter alia,* declared the designating petition invalid as to them, and the petitioners cross-appeal from so much of the same judgment as, *inter alia,* declared the designating petition valid as to certain of the respondents. Judgment modified, on the law, by deleting therefrom the provisions which, in effect, held that the designating petition is valid as to certain of the respondents and substituting therefor a provision that the designating petition is invalid as to all of the respondent candidates. As so modified, judgment affirmed, without costs or disbursements. The entire designating petition should have been invalidated because a number of the candidates' names were placed on the petition without their consent (see *Richardson v Luizzo,* 64 AD2d 942). Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.