(August 24, 1987)

In the Matter of JOHN D. GLEASON, Appellant, v SALVATORE J. LONGO et al., Constituting the Board of Elections of the County of Schenectady, et al., Respondents.—Per Curiam. Appeal from a judgment of the Supreme Court (Lynch, J.), entered August 19, 1987 in Schenectady County, which, *inter alia,* denied petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Joyce F. Easton as the Democratic candidate for the office of Member of Town Council, Town of Duanesburg, in the September 15, 1987 primary election.

Respondent Joyce F. Easton (hereinafter respondent) filed an eight-page designating petition containing 68 signatures naming her as the Democratic candidate for the office of Member of Town Council, Town of Duanesburg, in the upcoming primary election. Thirty-six valid signatures are needed to gain a place on the ballot in the Democratic primary in the Town of Duanesburg. Petitioner unsuccessfully challenged respondent's designating petition both before the Schenectady County Board of Elections and in this proceeding before Supreme Court. On this appeal by petitioner, we reverse Supreme Court's judgment, grant petitioner's application and invalidate respondent's designating petition.

Paul H. Lambert, Sr., is the subscribing witness for the first four pages of respondent's designating petition. In addition, Lambert and his wife acted as signatories to page 7 of the petition. In each instance where their signature appears in the petition, the residence given is "74 R.D. 2 Delanson". However, testimony taken before Supreme Court from Lambert clearly indicates that the Lamberts' correct residence is "101 R.D. 1, Mariaville Road, Delanson". Since the correct residence address is statutorily required from both those who sign and witness a designating petition (Election Law §§ 6-130,

6-132 [1], [2]), the Lamberts' error invalidates their individual signatures on page 7 of the petition in addition to the 30 signatures contained on the first four pages witnessed by Lambert *(see, Matter of Liepshutz v Palmateer,* 112 AD2d 1101, 1103, *affd* 65 NY2d 965).

Similarly invalid is the signature of Arthur W. Cole on page 6 of the designating petition. His testimony before Supreme Court indicates that his residence is on Wells Road, rather than on Levey Road as stated opposite his signature on the petition.

Since our rulings based on improper residence addresses invalidate 33 of the 68 signatures, leaving respondent with less than the 36 valid signatures needed to sustain her designating petition, we do not reach the remaining issues raised on this appeal.

Judgment reversed, on the law and the facts, without costs, petition granted and designating petition declared invalid. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.