(October 17, 1990)

■ In the Matter of LENORA B. FULANI, Respondent, v MELVIN S. BARASCH et al., as Commissioners of the New York State Board of Elections, Respondents, and JOSEPH R. MACK, Appellant.—Per Curiam. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered October 1, 1990 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the independent nominating petition naming respondent Joseph R. Mack as the United African Party candidate for the office of Governor in the November 6, 1990 general election, and (2) from an order of said court, entered October 1, 1990 in Albany County, which denied the motion of said respondent to dismiss the petition for lack of jurisdiction.

An independent nominating petition designating respondent Joseph R. Mack as the United African Party candidate for the office of Governor was filed on August 20, 1990 with the State Board of Elections (hereinafter the Board). Thereafter, petitioner, by order to show cause dated August 31, 1990, commenced this proceeding to invalidate Mack's petition. Of the alternate methods for effecting service upon Mack provided in the order to show cause, the one utilized was by certified mail on or before September 1, 1990 and on this date the relevant papers were mailed. Mack did not appear on the return date, September 7, 1990, and on September 12, 1990 a Referee was appointed to hear the case.

By letter dated September 14, 1990, Mack's attorney advised Supreme Court that Mack had never been served, and she requested a hearing on the question of jurisdiction. Mack himself made the same claim in a letter dated September 15, 1990. When Supreme Court informed Mack's attorney that a formal motion was necessary, an order to show cause was obtained by Mack's attorney on September 20, 1990 staying any action by the Referee and setting September 28, 1990 for a hearing on the question of service. The date was advanced to September 21, 1990 by order obtained by the Commissioners for the Board and again changed to September 24, 1990 upon notice to Mack. When neither Mack nor his attorney appeared on the latter date, Supreme Court vacated the stay of the Referee's hearing, ordered that it be held on September 25, 1990 and set September 28, 1990 as the hearing date before the court for both the jurisdictional issue and the Referee's report. Mack's attorney was so informed. The Referee's report determined that Supreme Court had obtained jurisdiction over Mack and, in respect to the merits, found that the petition was invalid because it contained an insufficient number of signatures. Neither Mack nor his attorney attended the Referee's hearing, nor did they appear at the hearing set for September 28, 1990 before the court. Following this court hearing, Supreme Court, in separate orders, confirmed the Referee's report and denied Mack's motion to dismiss for lack of jurisdiction.

Both orders have been appealed here by Mack, but his brief is limited to the jurisdictional issue and certain claimed procedural irregularities. Election Law § 16-102 (2) requires a proceeding challenging a nominating petition to be instituted

within 14 days after the last day to file such a petition.* The prescribed 14-day period in this case expired on September 4, 1990. Inasmuch as Mack did not receive a copy of the order to show cause until September 27, 1990, he contends that jurisdiction over him was never acquired. He concludes that since the order to show cause was mailed September 1, 1990, a Saturday, the mailing was not effected until Tuesday, September 4, 1990 (Monday, Sept. 3, 1990 being Labor Day).

In our view, this proceeding is timely. The Court of Appeals has expressly held that the issue of timely service depends on whether the manner of service would normally be expected to result in receipt within the statutory period *(Matter of Contessa v McCarthy,* 40 NY2d 890, 891). In the instant case it was reasonable to expect receipt within the required time frame since the mailing was conceded. Proof of actual receipt was, therefore, not required.

Mack's additional claim that the Referee was improperly appointed was not raised at Supreme Court, and the change in the hearing dates resulted in no prejudice to Mack since he did not even appear at the hearing held on the originally scheduled date of September 28, 1990. Mack's other contentions have been considered and found to be without merit.

Orders affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

---

* Although no objections were filed against Mack's petition, petitioner was not required to do so. Petitioner filed an independent nominating petition for Governor which makes her an "aggrieved candidate" under Election Law § 16-102 (1).