■ In the Matter of JEAN HERVEY et al., Respondents, v GREENE COUNTY BOARD OF ELECTIONS, Respondent, and DANIEL K. LALOR et al., Appellants.—Per Curiam. Appeal from an order of the Supreme Court (Cobb, J.), entered October 11, 1990 in Greene County, which *inter alia,* granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondent Daniel K. Lalor as the Conservative Party candidate for the office of County Judge of Greene County in the November 6, 1990 general election.

Respondent Daniel K. Lalor purportedly was nominated for the office of County Judge by the Executive Committee of the Greene County Conservative Party (hereinafter the Party) on September 13, 1990. Thereafter, on September 17, 1990, a certificate of nomination was filed with respondent Greene County Board of Elections (hereinafter the Board). By service

---

of an order to show cause dated September 25, 1990, petitioners commenced the instant proceeding seeking to invalidate the nomination upon the ground that, *inter alia,* a quorum of the Party's executive committee was not present when Lalor was nominated. Lalor and respondent Ron Stetkewicz (hereinafter collectively referred to as respondents) then moved to dismiss the petition for lack of jurisdiction, claiming that the proceeding was not timely commenced.. The Board did not appear. Following a hearing, Supreme Court denied the motion and held that the certificate of nomination was invalid. This appeal ensued.

Initially, we reject respondents' contention that this proceeding was not timely commenced within 10 days after the filing of the certificate of nomination as required by Election Law § 16-102 (2). It is undisputed that the last day for commencing this proceeding was September 27, 1990. The order to show cause obtained by petitioners on September 25, 1990 provided for service upon respondents by regular first class mail. The proof in the record establishes that petitioners mailed copies of the necessary papers to respondents on September 25, 1990, but that such papers were not received by respondents until September 28, 1990. However, the date of actual receipt is not determinative in this case. We agree with Supreme Court that the proceeding was timely since the mailing by petitioners was effected "at such time and in such manner as would normally be expected to result in receipt by the addressees within the statutory * * * period" *(Matter of Contessa v McCarthy,* 40 NY2d 890, 891; *see, Matter of Elston v Mahoney,* 122 AD2d 969, 970, *appeal dismissed and lv denied* 68 NY2d 765). In this regard, we note that there is nothing to dispute Supreme Court's finding that two days is a normal delivery period for mail sent from Albany, Albany County, to the Village of Catskill, Greene County. Thus, respondents' motion to dismiss was properly denied.

Turning next to the merits, we likewise agree with Supreme Court that Lalor's nomination was invalid. According to the Party's own rules and regulations, the executive committee is to consist of five officers and seven members-at-large, of which 60%, or eight members, constitute a quorum. At the time the executive committee convened to nominate Lalor, only seven duly elected members were present. In an attempt to remedy the situation, the chairman, upon the recommendation of the executive committee members present, appointed a new member-at-large to fill a vacancy created by the death of another member *(see,* Election Law § 2-118 [1]). In our view, however,

such appointment was ineffective in the absence of a quorum. Again, according to the Party's rules and regulations, a quorum is required for the executive committee to transact business. Similarly, by statute, the executive committee could only "exercise [any] power, authority or duty" through a duly constituted quorum (see, General Construction Law § 41; *Matter of Baker v Jensen*, 30 AD2d 969, 970, *affd* 22 NY2d 959), and this would include the power to fill a vacancy in its ranks. Contrary to respondents' contention, we find no provision of the Election Law inconsistent with the foregoing quorum requirement. Therefore, a duly constituted quorum of the executive committee was not present when Lalor was nominated and thus, the nomination was invalid. Further, the subsequent approval of the nomination by the Party's county committee was not sufficient to validate the earlier procedural deficiency.

We have examined respondents' remaining contentions and find them to be without merit.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.