■ In the Matter of ALFONSO C. STABILE et al., Appellants, v JOSEPH M. DEFRONZO et al., Respondents, et al., Respondents. [647 NYS2d 36] —In a proceeding pursuant to Election Law article 16 to, *inter alia,* invalidate the election of the Queens County Republican Committee and the Executive Committee of the Queens County Republican Committee which concluded on October 3, 1995, and to order a new election, the petitioners appeal from an order of the Supreme Court, Queens County (Rutledge, J.), dated December 7, 1995, which dismissed the petition as time-barred.

Ordered that the order is affirmed, with costs.

A proceeding challenging the election of officers at a meeting of a party committee must be commenced within 10 days after the holding of such a meeting (*see,* Election Law § 16-102 [2]; *see also, Matter of Marin v Board of Elections,* 67 NY2d 634; *Sack v Board of Elections,* 65 NY2d 958; *Matter of Leirer v Suffolk County Comm. of Conservative Party,* 166 AD2d 449). The petitioner's reliance on *Town of Islip Town Comm. of Conservative Party v Leo* (71 AD2d 624) is misplaced, inasmuch as that case was decided prior to the 1986 amendment by which the Legislature added to the statute the words "*meeting* of a party committee" (L 1986, ch 710, § 1 [emphasis added]).

Here, it is undisputed that the respondents were not served with the petition until October 14, 1995, more than 10 days after the election concluded on October 3, 1995. Moreover, the petitioners' use of United States Postal Service "Express Mail" at 11:55 P.M. on October 12, 1995, with instructions for second day delivery was not reasonably calculated to complete service within the statutory period (*see, Matter of Contessa v McCarthy,* 40 NY2d 890, 891; *Matter of Hervey v Greene County Bd. of*

*Elections,* 166 AD2d 743). Accordingly, the Supreme Court properly dismissed the petition as untimely *(see, Matter of Voyticky v Gore,* 134 AD2d 354). Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.