■ In the Matter of SUZI OPPENHEIMER et al., Respondents, v CAROL CAROZZA et al., Appellants, et al., Respondents. [713 NYS2d 127] —In a proceeding pursuant to Election Law § 16-102, *inter alia,* to invalidate a petition designating Ira L. Brody as a candidate in a primary election to be held on September 12, 2000, for the nomination of the Republican Party as its candidate for the public office of State Senator for the 36th Senate District, Carol Carozza and Ira L. Brody appeal from (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered August 7, 2000, which denied their motion to dismiss the petition, and (2) a final order of the same court dated August 11, 2000, which granted the petition.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal by Carol Carozza is dismissed, without costs or disbursements; and it is further,

Ordered that the final order is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the final order in the proceeding (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the final order (see, CPLR 5501 [a] [1]).

The petitioners commenced this proceeding by service of an order to show cause and petition. The appellant Ira L. Brody does not deny that he received the order to show cause within the statutory period.

The appellant Carol Carozza declined the designation prior to the time the order to show cause was signed. Accordingly, the proceeding is academic as to her and her appeal is dismissed. In any event, we note that the petitioners mailed the order to show cause and petition to her in a manner that was reasonably calculated to complete service within the statutory period (see, Election Law § 16-102 [2]; Matter of Contessa v McCarthy, 40 NY2d 890, 891).

Brody's remaining contention is without merit. Bracken, J. P., McGinity, Luciano, Feuerstein and Schmidt, JJ., concur.