(August 20, 2003)

In the Matter of JUSTIN BERKOWITZ, Respondent, v PATRICIA A. HARRINGTON, Appellant, et al., Respondent. [763 NYS2d 513] —In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Patricia A. Harrington as a candidate in a primary election to be held on September 9, 2003, for the nomination of the Independence Party as its candidate for the public office of Town Receiver of Taxes, Town of North Hempstead, Patricia A. Harrington appeals from a final order of the Supreme Court, Nassau County (Winslow, J.), dated August 13, 2003, which granted the petition and invalidated the designating petition.

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition is denied, the proceeding is dismissed, and the Nassau County Board of Elections is directed to place the name of Patricia A. Harrington on the appropriate ballot.

The issue on this appeal is whether the Election Law requires the disqualification of signatures on a designating petition when the subscribing witness fails to include the name of the town or city, and the county, in which he or she resides, under the "Witness Identification Information" section. We conclude that the failure of the subscribing witness to include the town or city, and the county, in the "Witness Identification Information" section of the petition is insufficient, in and of itself, to warrant invalidation of the petition, particularly where, as here, the complete address of the subscribing witness appears elsewhere on the same page of the petition (*see Matter of Barrett v Brodsky,* 196 AD2d 603 [1993]). Altman, J.P., Krausman, Goldstein, Cozier and Rivera, JJ., concur.