■ In the Matter of JULIANA RABADI et al., Respondents, v LILLIAN H. GALAN, Also Known as LILLIE H. GALAN, Appellant, et al., Respondents. [763 NYS2d 503] —In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition for an opportunity to ballot by providing for a write-in candidate pursuant to Election Law § 6-164 in a primary election to be held on September 9, 2003, for the nomination of the Independence Party as its candidate for the public office of Member of the Westchester County Legislature for the 16th Legislative District, the appeal is from a final order of the Supreme Court, Westchester County (Donovan, J.), entered August 12, 2003, which, after a hearing, inter alia, granted the petition, validated the opportunity to ballot petition, and directed the Westchester County Board of Elections to provide for a write-in candidate pursuant to Election Law § 6-164 in the primary election.

Ordered that the final order is reversed, on the law and the facts, without costs or disbursements, the petition is denied, the proceeding is dismissed, and the Westchester County Board of Elections is directed to remove the opportunity to write-in a candidate from the appropriate ballot.

The Westchester County Board of Elections (hereinafter the Board) found that certain signatures on the opportunity to ballot petition were invalid. Since this resulted in the opportunity to ballot petition having fewer than the required number of signatures, the Board invalidated the petition.

The petitioners, who alleged that the Board improperly invalidated some of the signatures, commenced this proceeding to validate the opportunity to ballot petition. The Supreme Court restored five of the signatures, giving the petitioners more than the required number of signatures. The Supreme Court therefore, inter alia, validated the opportunity to ballot petition. This appeal ensued.

The Supreme Court erred in restoring two of the signatures, since the record shows that those voters previously had signed a valid designating petition for a candidate for the same office (*see Matter of Reda v Lefever*, 112 AD2d 1070 [1985]; *Matter of McNulty v McNab*, 96 AD2d 921 [1983]; *see also Matter of Orange*, 272 NY 61 [1936]; *Matter of McLiverty v Lefever*, 133 AD2d 720 [1987]). The court also erred in restoring two additional signatures, since the record shows that those signatures do not compare with the signatures on the voters' buff cards (*see Matter of Hall v Heffernan*, 185 Misc 742 [1945], *affd* 269 App Div 953 [1945], *affd* 295 NY 599 [1945]). Without these four restored signatures, the opportunity to ballot peti-

tion does not contain the requisite number of signatures. Accordingly, the petition should have been denied and the proceeding dismissed. Santucci, J.P., Florio, Friedmann, Crane and Mastro, JJ., concur.