In the Matter of Leo F. Boland, Appellant, v Town of Northampton et al., Respondents. [807 NYS2d 205]—

Carpinello, J. (1) Appeal from a judgment of the Supreme

Court (Krogmann, J.), entered March 10, 2005 in Warren County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition, and (2) motion to dismiss appeal.

By the instant proceeding, petitioner challenges the grant of a special use permit by respondent Town of Northampton Zoning Board of Appeals for the construction of condominiums on a piece of property in the Town of Northampton, Fulton County. Supreme Court dismissed the proceeding, and we now affirm. The gist of petitioner's challenge to the special use permit can be readily stated. He claims that the subject property is zoned "Lakefront Residential" pursuant to a 1973 zoning ordinance and map, a zoning designation which does not permit multiple dwelling units.

However, the record reveals that the zoning ordinance and map relied upon by the Zoning Board in granting the subject permit in fact designates the subject property as being in a "Medium Density Residential" zone which does permit multiple dwellings, including the type proposed here, albeit with a special use permit. The record further establishes that this particular zoning ordinance and map have been utilized by respondent Town of Northampton and its Zoning Board since at least 1986, a fact of which petitioner is keenly aware since he was appointed to that very board on September 16, 1998 and was thereafter appointed its chair on June 19, 2002.

The 1973 map upon which petitioner relies was twice revised, in 1978 and 1983. Apparently, no challenge was ever made to either revision by anyone, including petitioner who utilized, without objection, the revised ordinance and map in his capacity as a member and chair of the Zoning Board. Under these circumstances, petitioner's attempt to challenge the subject special use permit by now attacking the Town's alleged failure "to comply with the necessary [Town Law] requirements" in revising the 1973 zoning ordinance and map must fail for several reasons.

First, any attack on the procedures utilized in revising the 1973 zoning ordinance and map is time-barred (see CPLR 217; Matter of Clear Channel Outdoor, Inc. v Town Bd. of Town of Windham, 9 AD3d 802, 803-804 [2004]; Matter of McCarthy v Zoning Bd. of Appeals of Town of Niskayuna, 283 AD2d 857, 858 [2001]; Matter of Allens Cr./Corbetts Glen Preserv. Group v Town of Penfield Planning Bd., 224 AD2d 979, 980 [1996], lv denied 88 NY2d 804 [1996]). Moreover, petitioner's claim that the ordinance and map that he himself utilized for years in his official capacity are now defective is barred by laches as the Town and its Zoning Board would be prejudiced by his long

delay in challenging same (*see generally Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 816 [2003], *cert denied* 540 US 1017 [2003]; *Matter of Schulz v State of New York*, 81 NY2d 336, 347-350 [1993]). Furthermore, insofar as this proceeding contains an attack on the revisions to the 1973 zoning ordinance and map, it should be dismissed for failure to join necessary parties, namely, the numerous property owners who might be adversely affected by a potential judgment invalidating such revisions (*see e.g. Matter of Basha Kill Area Assn. v Town Bd. of Town of Mamakating*, 302 AD2d 662, 663 [2003]; *Matter of Llana v Town of Pittstown*, 234 AD2d 881, 883-884 [1996]).

As petitioner does not pursue his substantive challenges to the special use permit on appeal, these arguments are deemed abandoned (*see e.g. Matter of Federation of Mental Health Ctrs. v DeBuono*, 275 AD2d 557, 560 n 3 [2000]). In any event, they have been reviewed and found to be without merit. As a final matter, we note that subsequent to Supreme Court's judgment dismissing this proceeding, petitioner sold his home in the Sacandaga Lake area prompting a motion by certain respondents to dismiss the instant appeal on mootness and lack of standing grounds. Given our resolution of the matter, the pending motion is dismissed as academic.

Crew III, J.P., Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs. Ordered that the motion is dismissed, as academic, without costs.