■ In the Matter of MICHAEL A. ARCURI, Respondent, v DEBORAH HOJNACKI et al., Appellants, and NEIL W. KELLEHER et al., as Commissioners of the New York State Board of Elections, Respondents. [820 NYS2d 189]—

Per Curiam. Appeal from a judgment of the Supreme Court

(Ceresia, Jr., J.), entered August 7, 2006 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioner as the Independence Party candidate for the public office of Member of the United States House of Representatives for the 24th Congressional District in the September 12, 2006 primary election.

Petitioner filed a designating petition purporting to nominate him as the Independence Party candidate for the public office of Member of the United States House of Representatives for the 24th Congressional District in the primary election to be held on September 12, 2006. Respondents Deborah Hojnacki and Francis O. Guido (hereinafter collectively referred to as respondents) filed objections and the State Board of Elections subsequently removed petitioner's name from the primary ballot after finding that the petition did not contain a sufficient number of valid signatures. Petitioner commenced this proceeding pursuant to Election Law § 16-102 to validate the petition and, in connection therewith, the parties entered into a stipulation in lieu of a formal hearing. Pursuant to the terms of the stipulation, the parties agreed:

"1. That the Petitioner needs 705 valid signatures of the Independence Party members for a valid petition for public office of Member of the United States House of Representatives 24th Congressional District.

"2. That the State Board of Elections determined that there are 696 valid signatures of Independence [P]arty members.

"3. Respondents claim that 17 of those signatures are invalid by reason of Steven P. Mancuso having notarized the signatures under such name while having been registered with the N.Y (*sic*) Secretary of State as a notary under the name of Steven P. Mancusco.

"4. Petitioner[ ] claim[s] that the signatures on pages 40 & 41, totaling 24 signatures which were ruled invalid by the State Board[,] are in fact valid as alleged in the Petition at . . . paragraph[s] 11 and 12."

Upon finding that all the signatures were valid, Supreme Court granted the petition. The court further certified petitioner as the Independence Party candidate in the general election as no other designating petition for that party's nomination had been filed. Respondents appeal.

Initially, we note that respondents do not challenge that part of Supreme Court's decision validating the 17 signatures referenced in the third paragraph of the stipulation and have

abandoned their appeal in this regard (*see Matter of Boland v Town of Northampton*, 25 AD3d 848 [2006]). In view of this, we confine our review to the 24 signatures appearing on pages 40 and 41 of the petition. Respondents assert that these signatures are invalid because the subscribing witness failed to provide his correct town or city of residence in the "Witness identification information" portion of the subscribing witness statement (*see* Election Law § 6-140 [1] [b]).

It has been held, however, that such an error is not a fatal defect, particularly where the complete residence address of the subscribing witness appears elsewhere on the same page of the petition (*see Matter of Berkowitz v Harrington*, 307 AD2d 1002, 1003 [2003]). In *Matter of Curley v Zacek* (22 AD3d 954 [2005], *lv denied* 5 NY3d 714 [2005]), this Court held that such misinformation did not warrant the invalidation of signatures because it did not "give rise to the possibility or inference of fraud" (*id.* at 956). As in both of the foregoing cases, the subscribing witness here provided his complete residence address on each challenged page of the petition notwithstanding his failure to provide his correct town or city in the "Witness identification information" portion. Absent any suggestion of fraud, which is not evident here, or any record evidence that the subscribing witness does not reside at the address provided, Supreme Court properly validated the 24 signatures on these pages. We are unpersuaded by respondents' assertion that the Court of Appeals' decision in *Matter of Stoppenbach v Sweeney* (98 NY2d 431 [2002]) requires a contrary result inasmuch as that case involved an unremedied inaccuracy in the designation of the town or city by the actual signatories to the petition, not by a subscribing witness. Accordingly, we find no reason to disturb Supreme Court's decision.

Cardona, P.J., Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.