(August 20, 2008)

■ In the Matter of JENNIFER A. HENRY et al., Respondents, v HERTHA C. TROTTO et al., Appellants, et al., Respondent. [862 NYS2d 605]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Hertha C. Trotto and Cameron Alden as candidates in a primary election to be held on September 9, 2008, for the nomination of the Republican Party as its candidates for the public office of District Court Judge, 5th District, Town of Islip, Hertha C. Trotto and Cameron Alden appeal, as limited by their brief, from so much of a final order of the Supreme Court, Suffolk County (Scheinkman, J.), dated August 13, 2008, as denied that branch of their motion which was to dismiss the proceeding on the ground of lack of personal jurisdiction and, after a hearing, granted the petition and invalidated the designating petition.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

Election Law § 16-102 (2) requires a proceeding to invalidate a designating petition to be instituted within 14 days after the last day to file such designating petition. In order to acquire personal jurisdiction, the method of service directed in the order to show cause must be reasonably calculated to give notice to the necessary parties within the statutory time period (see Matter of Contessa v McCarthy, 40 NY2d 890, 891 [1976]; Matter of Silkowski v Cacase, 308 AD2d 425 [2003]). The appellants contend that service of the order to show cause on Cameron Alden by first-class mail on July 23, 2008, the next to last day on which service could be made, was not reasonably calculated to give notice to the necessary parties within the statutory time period. We disagree.

The petitioners showed that the mailing was made from the United States Post Office in Babylon, located a little more than eight miles from Alden's Islip address. The petitioners produced a 2006 United States Postal Service report to the United States Government Accountability Office indicating that "Most First-Class Mail is to be delivered in 1 day when it is sent within the local area served by the destinating mail processing center" and "2 days when it is sent within the 'reasonable reach' of surface transportation," i.e., "within a 12-hour drive time" (U.S. Government Accountability Office, Report to Congressional Requesters, U.S. Postal Service: Delivery Performance Standards, Measurement, and Reporting Need Improvement, at 11 [GAO-06-733, July 2006]). Additionally, the petitioners demonstrated that a "Specifications of Objection" they mailed from

the United States Post Office in Babylon on July 21, 2008, was received by Alden the following day. Under these circumstances, the mailing of the order to show cause was made at such time and in such manner as would normally be expected to result in receipt by Alden within the statutory 14-day period (*see Matter of Contessa v McCarthy,* 40 NY2d at 891; *Matter of Hervey v Greene County Bd. of Elections,* 166 AD2d 743, 744 [1990]; *cf. Matter of Butler v Gargiulo,* 77 AD2d 939 [1980]). Moreover, Alden never denied that he received the July 23rd mailing within the statutory period (*see Matter of Oppenheimer v Carozza,* 275 AD2d 427, 428 [2000]; *cf. Matter of Marcoccia v Garfinkle,* 307 AD2d 1010 [2003]). Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was to dismiss the proceeding on the ground of lack of personal jurisdiction.

The Supreme Court correctly invalidated those signatures that were printed on the designating petitions where signatories had signed their registration forms in script and there was an absence of any credible evidence from them or subscribing witnesses attesting to the identity of those signatories (*see* Election Law § 5-210 [5] [k] [xi]; § 6-134 [5], [13]; *Matter of Jaffee v Kelly,* 32 AD3d 485 [2006]; *Matter of Rabadi v Galan,* 307 AD2d 1014 [2003]). To prevent fraud and allow for a meaningful comparison of signatures when challenged, the signature on the designating petition should be made in the same manner as on that signor's registration form (*see* Election Law § 6-134 [10]).

We agree with the Supreme Court's determination that the testimony of the subscribing witness to sheet 70 of the designating petition was not credible and that he failed to adequately explain an alteration he made as to the date he witnessed two signatures (*see Matter of Kraham v Rabbitt,* 11 AD3d 808, 809-810 [2004]; *Matter of Berman v Weinstein,* 64 AD2d 940, 941 [1978]).

Election Law § 6-132 (2) requires a subscribing witness to list his or her current residence so as to permit the rapid and efficient verification of signatures within the restrictive time periods imposed by the Election Law and thereby facilitate the discovery of fraud (*see Matter of Curley v Zacek,* 22 AD3d 954, 956 [2005]; *Matter of Zobel v New York State Bd. of Elections,* 254 AD2d 520, 522 [1998]; *see also Matter of McLiverty v Lefever,* 133 AD2d 720, 721 [1987]). Here, the subscribing witness to sheet 13 listed his residence as a post office box and further stated, in his "statement of witness," that he resided in the Town of Islip, which is not satisfactory (*see* Election Law § 6-132 [2]; *Matter of Liepshutz v Palmateer,* 112 AD2d 1101, 1103

[1985]). Moreover, when called to testify, the subscribing witness admitted that his current residence was not in Suffolk County, as listed in his voter registration form, but in Nassau County, where he had lived for the past three years. Accordingly, the Supreme Court properly invalidated the signatures listed on sheet 13 of the designating petition (*see Matter of Gleason v Longo,* 133 AD2d 289 [1987]; *cf. Matter of Arcuri v Hojnacki,* 32 AD3d 658, 660 [2006]; *Matter of Hoare v Davis,* 207 AD2d 309 [1994]).

While the Supreme Court preliminarily sustained the petitioners' objection to the signature appearing on sheet 114, line 7, it later overruled that objection. Thus, the appellants are not aggrieved by that determination. Similarly, the appellants are not aggrieved by the court's consideration of the petitioners' single supplemental objection to the subscribing witness of sheet 82, as the court overruled that objection.

In light of our determination, we need not consider the appellants' remaining contentions. Mastro, J.P., Fisher, Santucci, Eng and Chambers, JJ., concur. [*See* 2008 NY Slip Op 51727(U).]