■ In the Matter of JOSEPH D. MUSCARELLA, Respondent, v NASSAU COUNTY BOARD OF ELECTIONS, Respondent, and TERENCE W. KELLY, Appellant. [928 NYS2d 368]—

The appellant, Terence W. Kelly, challenged approximately 40 line-by-line determinations made by the Court Attorney Referees which invalidated certain signatures on his designating petition on the ground that they were not sufficiently similar to the signatures on the voter registration forms on file with the Nassau County Board of Elections. In support of his contention, the appellant offered into evidence 26 affidavits of persons whose signatures had been invalidated, attesting to the validity of their signatures on the designating petition. The Supreme Court, inter alia, determined that, while probative, these affidavits were not dispositive of the question of whether the signatories signed the designating petition at issue, and noted that the signatories could have testified either before the Court Attorney Referees or the Supreme Court. The Supreme Court conducted a de novo review of the Court Attorney Referees' findings based upon the affidavits and the evidence that was before the Court Attorney Referees. Upon review, the Supreme Court determined that 13 of the signatures initially invalidated by the Court Attorney Referees were in fact substantially similar to the signatures as they appeared on the registration forms. The remaining signatures, however, were determined by the Supreme Court to be invalid, even when taking the affidavits into consideration. Since this ruling resulted in an insufficient number of signatures on the designating petition, the Supreme Court granted the petition to invalidate the designating petition.

Contrary to the appellant's contention, the Supreme Court properly determined that the designating petition did not contain the requisite number of valid signatures. Under the circumstances of this case, where the petitioner raised a claim of forgeries, the affidavits submitted by the appellant were not dispositive of the issue of whether the affiants signed the designating petition (cf. Matter of Jaffee v Kelly, 32 AD3d 485 [2006]).

The appellant's contention that the Supreme Court failed to afford notarized signatures a presumption of regularity is raised for the first time on appeal and, therefore, is not properly before this Court (see Matter of Romaine v Suffolk County Bd. of Elec-

*tions*, 65 AD3d 993 [2009]; *Matter of Leroy v Board of Elections in City of N.Y.*, 65 AD3d 645 [2009]).

The appellant's remaining contention is without merit. Rivera, J.P., Angiolillo, Dickerson, Eng and Hall, JJ., concur.