◼ In the Matter of RALPH QUERCIA et al., Appellants, v IRA L. BERNSTEIN, Respondent-Appellant et al., Respondents. [928 NYS2d 346]—

Ordered that the appeal from the order dated August 3, 2011, is dismissed, without costs or disbursements, as no appeal lies as of right from an order which does not determine a motion made on notice, and we decline to grant leave to appeal (*see* CPLR 5701 [a] [2]; *Wright v Stam*, 81 AD3d 721, 721-722 [2011]; *Matter of Fedak v Judge*, 71 AD3d 892 [2010]); and it is further,

Ordered that the final order is reversed, on the law and the facts, without costs or disbursements, the petition is granted, and the Suffolk County Board of Elections is directed to remove the name of Ira L. Bernstein from the appropriate ballot.

Ira L. Bernstein filed a petition designating him as a candidate for the nomination of the Democratic Party as its candidate for the public office of Member of the Town Council, Town of Brookhaven, 3rd Town District. He required 500 valid signatures, and submitted a designating petition containing 580 signatures. The Suffolk County Board of Elections invalidated 71 of the signatures, leaving Bernstein with 509 signatures.

The petitioners commenced the instant proceeding by filing a timely petition in the Supreme Court seeking to invalidate Bernstein's designating petition. In a final order dated August 8, 2011, the Supreme Court found nine of the challenged signatures to be invalid, reducing the number of valid signatures on Bernstein's petition to exactly 500. The Supreme Court, therefore, denied the petition to invalidate the designating petition and dismissed the proceeding.

Voters' signatures on designating petitions that do not meaningfully compare with the signatures on the same voters' registration forms should be invalidated (*see Matter of Rabadi v Galan*, 307 AD2d 1014 [2003]). Indeed, "[t]o prevent fraud and allow for a meaningful comparison of signatures when challenged, the signature on the designating petition should be made in the same manner as on that signor's registration form" (*Matter of Henry v Trotto*, 54 AD3d 424, 426 [2008]; *see* Election Law § 6-134 [10]).

Here, the petitioners correctly assert that two signatures on the designating petition, which were made in print, do not match the signatures on the corresponding registration forms, which were written in script (*see Matter of Henry v Trotto*, 54 AD3d at 426). The Supreme Court should have invalidated those

signatures that were printed on the designating petition where signatories had signed their registration forms in script and there was an absence of any credible evidence from them or subscribing witnesses attesting to the identity of those signatories (*see* Election Law § 5-210 [5] [k] [xi]; § 6-134 [5], [13]; *Matter of Henry v Trotto*, 54 AD3d at 426; *Matter of Jaffee v Kelly*, 32 AD3d 485 [2006]; *Matter of Rabadi v Galan*, 307 AD2d 1014 [2003]).

Since the reduced number of valid signatures, 498, is insufficient, the petition to invalidate the designating petition should have been granted.

In light of the foregoing, we do not address the petitioners' remaining contention. Rivera, J.P., Angiolillo, Dickerson, Eng and Hall, JJ., concur.