■ In the Matter of KATHLEEN M. LORD et al., Respondents, v NEW YORK STATE BOARD OF ELECTIONS, Respondent, and NAN HAYWORTH, Appellant. (Proceeding No. 1.) In the Matter of NAN HAYWORTH, Appellant, v BRUCE YABLOW et al., Respondents, and KATHLEEN M. LORD et al., Respondents. (Proceeding No. 2.) [949 NYS2d 507]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Nan Hayworth as a candidate in a primary election held on June 26, 2012, for the nomination of the Independence Party as its candidate for the public office of Representative in Congress from the 18th Con-

gressional District, and a related proceeding pursuant to Election Law § 16-102, inter alia, to validate the designating petition, Nan Hayworth appeals from a final order of the Supreme Court, Westchester County (Walker, J.), dated May 18, 2012, which, after a hearing, granted the petition, inter alia, to invalidate the designating petition, invalidated the designating petition, denied the petition, inter alia, to validate the designating petition, in effect, dismissed that proceeding, and directed the Westchester County Board of Elections to refrain from placing the name of Nan Hayworth on the ballot.

Ordered that the final order is affirmed, without costs or disbursements.

Initially, we note that this appeal has not been rendered academic. Although the relevant primary election was held on June 26, 2012, the appellant was the only person who filed a designating petition for the nomination of the Independence Party as its candidate for the public office of Representative in Congress from the 18th Congressional District. Thus, if the designating petition were found to be valid, the appellant's name could be placed on the ballot in the general election to be held on November 6, 2012 (*see Matter of Hackett v Egan*, 196 AD2d 870 [1993]).

The Supreme Court correctly invalidated those signatures that were inscribed in print rather than script form on the appellant's designating petition, since the alleged signatories had signed their registration forms in script and the appellant submitted no credible evidence from the signatories or from any of the subscribing witnesses attesting to fact that the individuals who signed the registration forms were the same individuals whose signatures appeared on the designating petition (*see* Election Law §§ 5-210 [5] [k] [xi]; 6-134 [5], [13]; *Matter of Henry v Trotto*, 54 AD3d 424, 426 [2008]; *Matter of Jaffee v Kelly*, 32 AD3d 485 [2006]; *Matter of Rabadi v Galan*, 307 AD2d 1014 [2003]). To prevent fraud and allow for a meaningful comparison of signatures when challenged, a signature on a designating petition should be made in the same manner as on that signatory's registration form (*see* Election Law § 6-134 [10]; *Matter of Henry v Trotto*, 54 AD3d at 426).

The appellant's contention that the Supreme Court failed to afford notarized signatures a presumption of regularity is raised for the first time on appeal and, therefore, is not properly before this Court (*see Matter of Muscarella v Nassau County Bd. of Elections*, 87 AD3d 645, 646-647 [2011]; *see Matter of Romaine v Suffolk County Bd. of Elections*, 65 AD3d 993, 994 [2009]; *Matter of Leroy v Board of Elections in City of N.Y.*, 65 AD3d 645, 646 [2009]).

The appellant's contentions concerning the Supreme Court's calculation of the number of valid signatures, the appellant's failure to paginate the last sheet of the designating petition, and the sequencing of dates inscribed by certain signatories next to their signatures are without merit.

The Supreme Court erred in finding that certain signatures inscribed in script on the designating petition were invalid because the particular signature on the designating petition did not match the signature on record with the Westchester County Board of Elections. The identities of those signatories as registered voters were established by a comparison of the signatures on the designating petition with those of persons whose names appeared in the registration poll ledgers (*see* Election Law § 6-134 [5]; *Matter of Romaine v Suffolk County Bd. of Elections*, 65 AD3d at 995). The addition of those signatures, however, does not bring the total number of valid signatures on the appellant's designating petition up to the number required for designation (*see* Election Law § 6-136 [2] [g]). Moreover, even if that total were to be increased by the addition of certain signatures that were invalidated as a consequence of the alleged alteration of the address of the subscribing witness on one sheet of the designating petition, the designating petition would not contain the required number of signatures. Accordingly, we need not reach the appellant's contention with respect to the alleged alteration of that address.

In light of the foregoing, the petition, inter alia, to invalidate was properly granted, the petition, inter alia, to validate was properly denied, and the proceeding, inter alia, to validate was properly, in effect, dismissed. Leventhal, J.P., Chambers, Roman and Miller, JJ., concur.