In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate an independent nominating petition nominating John B. Quirk III as a candidate of the Libertarian Party for the public office of Nassau County Legislator, 18th Legislative District, in a general election to be held on November 5, 2013, John B. Quirk III appeals from a final order of the Supreme Court, Nassau County (Diamond, J.), dated September 26, 2013, which, after a hearing, granted the petition and invalidated his independent nominating petition, and the petitioner cross-appeals from the same final order.
Ordered that the cross appeal is dismissed, without costs or disbursements, as the petitioner is not aggrieved by the final order (see CPLR 5511); and it is further,
Ordered that the final order is affirmed on the appeal by John B. Quirk III, without costs or disbursements.
John B. Quirk III filed an independent nominating petition with the Nassau County Board of Elections (hereinafter the Board of Elections) containing 1,672 signatures, seeking to become the candidate of the Libertarian Party for the Public Office of Nassau County Legislator, 18th Legislative District. Richard LaMarca filed objections and specifications of objections with the Board of Elections, challenging numerous signatures on a variety of grounds. LaMarca thereafter commenced this proceeding to invalidate the independent nominating petition. LaMarca’s petition sought to invalidate numerous signatures on several grounds and alleged, among other things, that the independent nominating petition was “potentially fraudulent,” in that it contained signatures procured by fraud, forgery, deceit, and treachery. The Supreme Court held the proceeding in abeyance pending the completion of proceedings before the Board of Elections.
The two-member Board of Elections invalidated 440 signatures, “split” on 166 signatures (i.e., one Commissioner voted to invalidate the signatures while the other Commissioner voted not to invalidate the signatures, effectively permitting the signatures to remain valid), and did not rule on approximately 100 signatures that were the subject of allegations of possible *809 forgery. Since 1,232 signatures were deemed by the Board of Elections to be valid, the Board of Elections concluded that the independent nominating petition was sufficient.
Upon the resumption of the instant proceeding, a special referee conducted a line-by-line examination of the Board of Elections’ “splits,” and invalidated an additional 83 signatures, but concluded that, since 1,149 valid signatures remained, the independent nominating petition still contained a sufficient number of valid and qualifying signatures.
The Supreme Court thereafter conducted a hearing with respect to those approximately 100 remaining signatures that were the subject of allegations of possible forgery. The Supreme Court invalidated an additional 44 signatures, thus leaving 1,105 valid signatures on the independent nominating petition, one signature short of the 1,106 valid signatures required (see Election Law § 6-136 [2]). At the close of the hearing, LaMarca orally requested, in the alternative, to invalidate the independent nominating petition on the ground that it was permeated with fraud. The Supreme Court reserved decision with respect to that application.
In a final order dated September 26, 2013, the Supreme Court granted the petition to invalidate, and thereupon invalidated the independent nominating petition, due to the insufficient number of valid signatures submitted by Quirk to the Board of Elections. The Supreme Court denied LaMarca’s alternative application to invalidate the independent nominating petition, which was made on the ground that the independent nominating petition was permeated with fraud. Quirk appeals, and LaMarca cross-appeals, from the final order.
Initially, only an aggrieved party or a person substituted for him or her may appeal from an appealable judgment, order, or final order (see CPLR 5511; Swazey v Pathmark Stores, Inc., 74 AD3d 786, 787 [2010]). “Where a party obtains the relief [he or she] seeks from the Supreme Court, [that party] is not aggrieved” (AMS Prods., LLC v Signorile, 66 AD3d 929, 929 [2009]; see Matter of Brown v Smith, 76 AD3d 939 [2010]). Here, the final order appealed from granted LaMarca’s petition to invalidate Quirk’s independent nominating petition. Therefore, LaMarca is not aggrieved by the final order, and the cross appeal must be dismissed (see AMS Prods., LLC v Signorile, 66 AD3d at 929).
On appeal, Quirk contends, inter alia, that the petition to invalidate should have been dismissed pursuant to CPLR 3016 (b), arguing that the allegations in the petition to invalidate, made in connection with the claim of fraud, were not sufficiently *810 specific to apprise him. of the claim of fraud. Quirk further contends that, since LaMarca did not attach, to the petition to invalidate, the objections and specifications of objections that he filed with the Board of Elections, that pleading failed to meet the specificity requirement of CPLR 3016 (b). Quirk also contends that the Supreme Court erred in invalidating 22 specific signatures. Quirk’s contentions are without merit.
Here, the petition to invalidate alleged, inter alia, that certain signatures were invalid because they had been forged or were fraudulent, and the petition to invalidate incorporated by reference the specific objections raised before the Board of Elections. Those specific objections identified the specific challenged signatures set forth on the independent nominating petition. Thus, Quirk received adequate notice of the allegations supporting the claims that certain signatures had been forged or were fraudulent (see CPLR 3016 [b]; Matter of Oberle v Caracappa, 133 AD2d 202 [1987]; see also (Matter of Mazza v Board of Elections of County of Albany, 196 AD2d 679 [1993]; Matter of Cohen v Moss, 97 AD2d 644 [1983]).
Moreover, the Supreme Court properly invalidated the 22 signatures that Quirk contends on appeal were valid. Voters’ signatures on designating or independent nominating petitions that do not meaningfully compare with the signatures on the same voters’ registration forms should be invalidated (see Matter of Quercia v Bernstein, 87 AD3d 652, 653 [2011]; Matter of Rabadi v Galan, 307 AD2d 1014 [2003]). Furthermore, the Supreme Court correctly invalidated those signatures that were inscribed in print rather than script form on Quirk’s independent nominating petition, since the alleged signatories had signed their registration forms in script, and Quirk submitted no credible evidence from the signatories or from any of the subscribing witnesses attesting to the fact that the individuals who signed the registration forms were the same individuals whose signatures appeared on the independent nominating petition (see Election Law §§ 5-210 [5] [k] [xi]; 6-134 [5], [13]; Matter of Lord v New York State Bd. of Elections, 98 AD3d 622, 623 [2012]; Matter of Henry v Trotto, 54 AD3d 424, 426 [2008]; Matter of Jaffee v Kelly, 32 AD3d 485 [2006]; Matter of Rabadi v Galan, 307 AD2d 1014 [2003]). To prevent fraud and allow for a meaningful comparison of signatures when challenged, a signature on an independent nominating petition should be made in the same manner as on that signatory’s registration form (see Election Law § 6-134 [10]; Matter of Lord v New York State Bd. of Elections, 98 AD3d at 623; Matter of Henry v Trotto, 54 AD3d at 426).
*811 Accordingly, the Supreme Court properly granted LaMarca’s petition to invalidate Quirk’s independent nominating petition.
In light of our determination, LaMarca’s contention that the Supreme Court should have invalidated additional signatures, which he raised as an alternative ground for affirmance, has been rendered academic. LaMarca’s remaining contention is not properly before this Court. Dillon, J.P., Chambers, Cohen and Miller, JJ., concur.