*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 21, 2014                     519457
_____

In the Matter of CRYSTAL
    COLLINS et al.,
                        Appellants,

        v

NEW YORK STATE BOARD OF
    ELECTIONS,                                MEMORANDUM AND ORDER
                        Respondent,
        and

RUTH H. THOMPSON,
                        Respondent.
_____


Calendar Date:  August 21, 2014

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____


        Tilem & Associates PC, White Plains (Jasmine Hernandez of counsel), for appellants.

        Alejandra N. Paulino, Albany, for Ruth H. Thompson, respondent.

_____


Per Curiam.

        Appeal from an order and judgment of the Supreme Court (McDonough, J.), entered August 4, 2014 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Ruth H. Thompson as the Democratic Party candidate for the public office of State Senator for the 36th Senate District in the September 9, 2014 primary election.

On July 7, 2014, respondent Ruth H. Thompson filed a designating petition with respondent New York State Board of Elections seeking the Democratic Party nomination for the office of State Senator for the 36th Senate District in the September 9, 2014 primary election.  Petitioners, in turn, filed objections.  Following a hearing before the State Board, 922 signatures were invalidated, leaving 2,723 remaining, a number that was sufficient to render the designating petition valid.  Petitioners commenced this proceeding pursuant to Election Law § 16-102 seeking to have additional signatures stricken on various grounds and the designating petition declared invalid.  Supreme Court declined to strike any additional signatures, held that the designating petition was valid and dismissed the petition.  Petitioners now appeal.

Petitioners contend that Thompson failed to strictly comply with the requirements of Election Law § 6-130 because her designating petition contained preprinted information, completed by a third party, concerning the signers' town or city next to the line on which they signed their names.[1]  They maintain that the signers or, at the very least, their subscribing witnesses should have completed this information and that their failure to do so renders the petition invalid.  We are not persuaded.

Election Law § 6-130 provides, very simply, that "[t]he sheets of a designating petition must set forth in every instance the name of the signer, his or her residence address, town or city (except in the city of New York, the county), and the date when the signature is affixed."  The statute does not specifically state that the town or city information must be supplied by the signer or a subscribing witness, and there is no basis for inferring that this is a requirement.  Notably, Election Law § 6-134 (7) provides that "[a] signer need only place his [or her] signature upon the petition, and need not himself [or herself] fill in the other required information."  It does not, as petitioners claim, create an exception permitting

---

[1]  Given that all of the sheets of the designating petition contain this preprinted information, all of the signatures contained therein are affected.

only a subscribing witness to fill in a signer's town or city information, and Matter of Tischler v Hikind (98 AD3d 926 [2012]), upon which they rely, does not support this interpretation. Although petitioners cite to a number of cases wherein the courts have invalidated designating petitions for lack of compliance with Election Law § 6-130 due to the inaccurate or incomplete town or city information of the signers, these are cases in which the signers themselves either failed to provide complete information or supplied inaccurate information (see e.g. Matter of Stoppenbach v Sweeney, 98 NY2d 431, 433 [2002]; Matter of Liepshutz v Palmateer, 112 AD2d 1101, 1103 [1985], affd 65 NY2d 965 [1985]; Matter of Scamacca v Mahoney, 104 AD2d 730, 730 [1984]). Significantly, none involved a situation, like the one at hand, where the town or city was already printed on the petition and was complete and accurate.

Contrary to petitioners' claim, we are not persuaded that allowing such a practice increases the likelihood of fraud, particularly where, as here, the information on the petition was correct. Indeed, it has been held that where a designating petition contains missing or incorrect town or city information on the "witness identification information" portion of the subscribing witness statement, the defect is not fatal provided that the correct information is set forth elsewhere in the petition (see Matter of Arcuri v Hojnacki, 32 AD3d 658, 660 [2006], lv denied 7 NY3d 707 [2006]; Matter of Curley v Zacek, 22 AD3d 954, 955 [2005], lv denied 5 NY3d 714 [2005]; Matter of Berkowitz v Harrington, 307 AD2d 1002, 1003 [2003]). Given that all of the information required by Election Law § 6-130 was included on the designating petition at issue and was both complete and accurate, the statutory requirements were satisfied. Accordingly, Supreme Court properly dismissed the application.

McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the order and judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court