In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Samuel Tress as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Democratic Party as its candidate for the public office of Member of the Town Council, Town of Ramapo, and a related proceeding, among other things, to invalidate that designating petition, Samuel Tress appeals from so much of a final order of *636 the Supreme Court, Rockland County (Loehr, J.), dated August 7, 2015, as denied the petition to validate the designating petition and granted the petition to invalidate the designating petition.
Ordered that the final order is reversed insofar as appealed from, on the law, without costs or disbursements, the petition to validate the designating petition is granted, and the petition to invalidate the designating petition is denied.
Election Law § 6-132 (2) requires that a subscribing witness list his or her current address on a designating petition sheet “so as to permit the rapid and efficient verification of signatures within the restrictive time periods imposed by the Election Law and thereby facilitate the discovery of fraud” (Matter of Henry v Trotto, 54 AD3d 424, 426 [2008]). We conclude that the petition sheets here satisfied this requirement. There was no evidence of fraud or an attempt to deceive (see Matter of Hoare v Davis, 207 AD2d 309 [1994]).
Accordingly, the Supreme Court should have granted the petition to validate the subject designating petition and should have denied the petition to invalidate the designating petition.
We need not reach the parties’ remaining contentions in light of our determination.
Mastro, J.P., Miller, Maltese and Barros, JJ., concur.