Matter of Maclay v Dipasquale (2021 NY Slip Op 05013)





Matter of Maclay v Dipasquale


2021 NY Slip Op 05013


Decided on September 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, AND DEJOSEPH, JJ.


853.1 CAE 21-01214

[*1]IN THE MATTER OF DARLENE MACLAY, PETITIONER-APPELLANT,
v
JAY DIPASQUALE, RAY HERMAN, DAN RIDER, RESPONDENTS-RESPONDENTS, KATHY WEPPNER AND ERIE COUNTY BOARD OF ELECTIONS, RESPONDENTS. 






VANDETTE PENBERTHY LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), AND LAW OFFICES OF JESSICA A. KULPIT, FOR PETITIONER-APPELLANT. 
CIMASI LAW OFFICE, AMHERST (MICHAEL C. CIMASI OF COUNSEL), JOSEPH T. BURNS, WILLIAMSVILLE, AND JOHN V. MILLANE, III, FOR RESPONDENTS-RESPONDENTS JAY DIPASQUALE, RAY HERMAN, AND DAN RIDER. 


 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered August 13, 2021 in a proceeding pursuant to Election Law article 16. The order, among other things, denied that part of the petition seeking to invalidate certain signatures on a nominating petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Election Law article 16 seeking to invalidate the independent nominating petition of Jay DiPasquale, Ray Herman, Dan Rider, and Kathy Weppner (respondents) as candidates for certain offices in the Town of Amherst on the basis of, inter alia, certain line-by-line objections. The independent nominating petition, which contained 1,052 signatures, was submitted to respondent Erie County Board of Elections (Board). Upon the Board's consideration of the objections that were registered by petitioner, 272 of the signatures were invalidated, leaving 780 valid signatures. The parties correctly agree that the independent nominating petition must have at least 750 valid signatures for respondents to secure places on the ballot for the November 2, 2021 general election (see Election Law § 6-142 [2] [a]). Following a hearing, Supreme Court, inter alia, denied petitioner's petition with respect to the line-by-line objections.
On appeal, petitioner contends that the court should have struck 47 signatures inasmuch as they were printed on the independent nominating petition, whereas they were inscribed in script on the signatories' voter registration forms. "It is well settled that [t]o prevent fraud and allow for a meaningful comparison of signatures when challenged, a signature on a designating petition should be made in the same manner as on that signatory's registration form" (Matter of Toles v Quintana, 183 AD3d 1290, 1292 [4th Dept 2020], lv denied 35 NY3d 905 [2020] [internal quotation marks omitted]; see Matter of Lord v New York State Bd. of Elections, 98 AD3d 622, 623 [2d Dept 2012]; Matter of Henry v Trotto, 54 AD3d 424, 426 [2d Dept 2008]). Nevertheless, where there is "credible evidence from the signatories or from any of the subscribing witnesses attesting to the fact that the individuals who signed the registration forms were the same individuals whose signatures appeared on the independent nominating petition," the signatures are valid, notwithstanding a discrepancy with the voter registration forms (Matter of LaMarca v Quirk, 110 AD3d 808, 810 [2d Dept 2013]; see Matter of Hennessy v Board of Elections of County of Oneida, 175 AD3d 1777, 1779 [4th Dept 2019]). Here, respondents [*2]submitted affidavits from 21 of the 47 signatories with printed signatures in which they attested that they were the same individuals whose signatures appeared on the independent nominating petition. Based on those affidavits, which the court properly received in evidence, we conclude that the court did not err in determining that petitioner failed to meet her burden of proof with respect to the invalidity of those 21 signatures (see Matter of Braunfotel v Feiden, 172 AD3d 1451, 1452 [2d Dept 2019], lv denied 33 NY3d 906 [2019]; Matter of Jaffee v Kelly, 32 AD3d 485, 485 [2d Dept 2006], lv denied 7 NY3d 707 [2006]; see also Matter of Henry v Trotto, 20 Misc 3d 1134[A], *25 [Sup Ct, Suffolk County 2008], affd 54 AD3d 424 [2d Dept 2008]).
In view of our determination, it is unnecessary to address petitioner's remaining contentions because respondents would have a sufficient number of valid signatures to be placed on the ballot even if petitioner were to prevail on those contentions.
Entered: September 16, 2021
Ann Dillon Flynn
Clerk of the Court