Matter of Hammerman v Novakhov

2026 NY Slip Op 03102

May 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Craig Hammerman, appellant,

v

Michael Novakhov, respondent-respondent, et al., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 14, 2026

2026-04581, (Index No. 513962/26)

Angela G. Iannacci, J.P.

Valerie Brathwaite Nelson

William G. Ford

Laurence L. Love

Donna-Marie E. Golia, JJ.

[*1]

DECISION & ORDER

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Michael Novakhov as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Conservative Party as its candidate for the public office of Member of the New York State Assembly for the 45th Assembly District, Craig Hammerman appeals from a final order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 4, 2026. The final order, after a hearing, denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding.

ORDERED that the final order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding against the respondents, Michael Novakhov and the Board of Elections in the City of New York (hereinafter the Board), pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Novakhov as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Conservative Party as its candidate for the public office of Member of the New York State Assembly for the 45th Assembly District. In a clerk's report dated April 20, 2026, the Board determined that 18 of the 20 total signatures submitted by Novakhov were valid, which was more than the 16 signatures required to place Novakhov on the ballot. The petitioner alleged in his bill of particulars, among other things, that 3 of those signatures were invalid. In a final order dated May 4, 2026, the Supreme Court, after a hearing, denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding, determining, among other things, that Novakhov had submitted 17 valid signatures. The petitioner appeals.

Contrary to the petitioner's contention, the Supreme Court correctly validated the signatures contained in Volume KG2600280, Sheet No. 1, signature line 2, and Sheet No. 3, signature line 1, of the designating petition. Novakhov submitted, among other things, affirmations from two voters in question, who averred that they signed the designating petition and that the signatures appearing on the designating petition were their signatures (see Matter of Maclay v DiPasquale, 197 AD3d 1502, 1503; Matter of Jaffee v Kelly, 32 AD3d 485, 485; see also Matter of Braunfotel v Feiden, 172 AD3d 1451, 1452). Additionally, the court properly determined that a third challenged signature, in Volume KG2600279, Sheet No. 1, signature line 2, was valid, as this signature meaningfully compared to the voter's signature on the voter registration form (see generally Matter of LaMarca v Quirk, 110 AD3d 808, 810). Therefore, the court properly [*2]determined that Novakhov had submitted 17 signatures in support of his designating petition, a total sufficient to place his name on the ballot.

Accordingly, the Supreme Court properly denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding.

IANNACCI, J.P., BRATHWAITE NELSON, FORD, LOVE and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court