dated August 10, 1974, affirmed, without costs. *Matter of Simon* v. *Power* (17 N Y 2d 924) is not in point for here the good faith of the respondents is not in issue and general objections were filed. That respondents were justified in filing petitions for the opportunity to ballot is manifest by the concession on oral argument that the Board of Elections sustained the validity of the objections to their candidacies. Latham, Acting P. J., Shapiro, Cohalan and Munder, JJ., concur.

■ In the Matter of JOHN RUSSELL, JR., Appellant, v. SALVATORE SCLAFANI et al., Constituting the Board of Elections of the City of New York, Respondents.— Judgment of the Supreme Court, Richmond County, dated August 19, 1974, affirmed, without costs. (See *Matter of Caiazza* v. *Sclafani* (45 A D 2d 940.) Latham, Acting P. J., Shapiro, Cohalan, and Munder, JJ., concur.

■ In the Matter of NICHOLAS J. SCIARRA et al., Appellants, v. GEORGE F. DONNELLY et al., Respondents.— Judgment of the Supreme Court, Kings County, dated August 19, 1974, reversed, on the law, and judgment directed that the petition is dismissed and the designating petition declared valid. There is no fraud here. The signatures and addresses are correct and valid, and the technical errors appear to have been caused by confusion resulting from reapportionment. In the absence of allegations of fraud "substantial compliance with the Election Law is sufficient. The People's will should not be fettered by technicalities requiring precise compliance" (*Matter of Rosen* v. *McNab*, 25 N Y 2d 798, 799). The court found 1,478 signatures out of the required 1,500 to be valid and those in dispute contained the proper addresses but listed incorrect election or assembly districts. We believe this to be substantial compliance. Latham, Acting P. J., Cohalan and Munder, JJ., concur; Shapiro, J., dissents and votes to affirm, with the following memorandum: While I sympathize with appellants' position and realize there is no fraud involved here, the ultimate fact is there are insufficient valid signatures to validate the candidacies. The court below was correct in striking those signatures accompanied by the incorrect election and/or assembly districts. If this were a case in which the voters' prior election or assembly district (i.e., prior to reapportionment) were listed, I would concur for reversal, but this was not so. Those districts listed have no connection with the prior districts.

■ In the Matter of ABRAHAM THOMPSON, Appellant, v. ALBERT E. HAYDUK et al., Constituting the Board of Elections of the County of Westchester, et al., Respondents.— Judgment of the Supreme Court, Westchester County, dated August 14, 1974, reversed, on the law, without costs, and matter remitted to Special Term for hearing forthwith on the question of appellant's domicile. The court should not have determined that issue without proof. Latham, Acting P. J., Shapiro, Christ and Munder, JJ., concur.

■ In the Matter of WILLIAM T. BOONE et al., Appellants, v. SALVATORE SCLAFANI et al., Constituting the Board of Elections of the City of New York, Respondents.— Judgment of the Supreme Court, Kings County, dated August 15, 1974, affirmed, without costs. No opinion. Latham, Acting P. J., Shapiro, Cohalan and Munder, JJ., concur.

■ In the Matter of JAMES E. EAGAN, Appellant, v. HERBERT J. FEUER et al., Constituting the Board of Elections of the City of New York, Respondents.— Judgment of the Supreme Court, Queens County, dated August 15, 1974, affirmed, without costs. No opinion. Gulotta, P. J., Christ, Brennan and Benjamin, JJ., concur.

■ JANET A. EAGAN, Appellant, v. HERBERT J. FEUER et al., Constituting the Board of Elections of the City of New York, Respondents.— Judgment of the Supreme Court, Queens County, dated August 15, 1974, affirmed, without