■     In the Matter of JOHN A. BERRY et al., Appellants, v ISABEL R. DODD et al., Constituting the Board of Elections of the County of Nassau, and RAYMOND SIMON, Respondents.—In a proceeding to validate petitions designating appellants as candidates in the Democratic Party primary election to be held on April 6, 1976 for the party positions of delegates and alternate delegates, 4th Congressional District, to the Democratic national convention, the appeal is from a judgment of the Supreme Court, Nassau County, dated March 17, 1976, which declared the petitions invalid and dismissed the proceeding. Judgment affirmed (see *Matter of Sciarra v Donnelly,* 34 NY2d 970; cf. *Matter of Clune v Hayduk,* 34 NY2d 965). The stipulation referred to by us in the case of *Matter of Honig v Board of Elections of Nassau County* (51 AD2d 1050) is applicable herein. Permission is hereby granted for the taking of an appeal to the Court of Appeals. Margett, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.

■     In the Matter of BARBARA HONIG, Appellant, v BOARD OF ELECTIONS OF NASSAU COUNTY et al., Respondents.—In a proceeding to invalidate petitions designating the individual respondents as candidates in the Democratic Party primary election to be held on April 6, 1976 for the party positions of delegates and alternate delegates, 5th Congressional District, to the Democratic national convention, the appeal is from a judgment of the Supreme Court, Nassau County, dated March 18, 1976, which dismissed the proceeding. Judgment reversed, on the law, without costs or disbursements, and petition granted. Upon stipulation, no fact questions were presented for review. It was stipulated before this court by counsel for all parties other than the board of elections to limit the issue to the question whether the incorrect designation of election districts and/or assembly districts which accompanied certain of the challenged signatures in both actions mandated their invalidation. Counsel have agreed further, that if the signatures challenged for this reason should be ruled valid, the designating petitions shall be sustained and that, if the signatures challenged for this reason should be deemed invalid, the designating petitions shall be deemed invalid. In our view the decision in *Matter of Sciarra v Donnelly* (34 NY2d 970) requires the invalidation of the designating petitions because of incorrect designation of the election districts and/or assembly districts (see, also, *Matter of Clune v Hayduk,* 34 NY2d 965). Margett, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.