Judgments affirmed, without costs or disbursements (see *Matter of Bernhardt v Sachs,* 57 AD2d 598). Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.

■ In the Matter of ADELE NOBLES et al., Appellants, v DOLORES S. GRANT, Respondent, and JOSEPH J. PREVITE et al., Constituting the Board of Elections of the City of New York, Respondents. (And a Second Title.)—In proceedings to (1) validate petitions designating Dolores S. Grant as a candidate in the election to be held on May 3, 1977 for the public position of Member of the New York City Community School Board, District 29, and (2) invalidate the said petitions, the appeal is from a judgment of the Supreme Court, Queens County, dated April 8, 1977, which, after a hearing, *inter alia,* granted the application to validate the said petitions and denied the application to invalidate them. Judgment reversed, on the law and the facts, without costs or disbursements, application to validate the petitions denied and application to invalidate the petitions granted; the board of elections is directed to remove the name of Dolores S. Grant from the ballot for the position in question. The nominating petitions herein contained 346 signatures, of which only 232 were stipulated as being of registered voters. Of those 232 signatures, the appellants contend that 35 are invalid. The minimum number required is 200. Appellants object to the following uninitialed alterations by the subscribing witnesses: (1) a sheet containing five signatures, wherein the subscribing witness' election district was written as "53" or "23", and then traced over to form a "50"; (2) a sheet containing 14 signatures on which the last registration of the subscribing witness is listed as "Queens", with that word totally obscuring another word already occupying the space; (3) a sheet containing two signatures in which the election district of the subscribing witness is set forth to the left of a number completely crossed out and obscured; and (4) a sheet containing 14 signatures, wherein one of the numbers of the address from which the subscribing witness was last registered was altered. Appellants also point out that, in the latter two instances, the subscribing witnesses initialed other alterations on the pages in question. We agree with appellants that the petitions cannot stand. The undated and unintialed alterations "were not explained, nor was any proof submitted that these changes were made prior to authentication" (see *Matter of Johnson v Westall,* 208 Misc 360, 363, affd 286 App Div 966). The requirements of section 135 of the Election Law must be strictly complied with *(Matter of Rutter v Coveney,* 51 AD2d 1049, affd 38 NY2d 993). Hopkins, Acting P. J., Margett, Damaini and Rabin, JJ., concur.