## (August 25, 1978)

■ In the Matter of STEPHEN BERGER, Appellant, v REMO J. ACITO et al., Constituting the Board of Elections of the State of New York, Respondents, and JEFF SEGALL et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term entered August 23, 1978 in Albany County which denied petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, seeking to declare valid the designating petition designating petitioner as a candidate of the Democratic Party for the office of State Comptroller in the September 12 primary election. As filed, the petitioner's designating petition contained 32,364 signatures. Special Term found that only 17,491 of these 32,364 signatures were valid and that since 20,000 valid signatures were required by the Election Law the petition should be rejected. The facts were stipulated to by the parties and it was also agreed that this proceeding would be resolved pursuant to determination of the following questions of law: 1. Did the Board of Elections properly rely on the enrollment books of the New York State Board of Elections in making a prima facie determination that a signatory to the petition, including subscribing witnesses, was not qualified to sign the petition? 2. Did the board properly rule invalid those signatures, including subscribing witnesses, which had either (a) no assembly district or no election district; or (b) the wrong assembly district or the wrong election district; or (c) no ward or no county; or (d) the wrong ward or wrong county, where relevant; or (e) no town or no city, or (f) the wrong town or wrong city? 3. Did the board properly rule invalid signatures where the date of signing was incomplete, prior or subsequent to the petition gathering period or subsequent to the date of the subscribing witness' statement? 4. Did the board properly rule invalid 1,900 signatures which appeared on pages where the number contained in the subscribing witnesses' statements was stricken and a. larger number inserted and said alteration was not initialed? It was further stipulated and agreed that petitioner could present legal arguments regarding the validity of 287 signatures with reference to four subscribing witnesses. Petitioner has conceded that approximately 9,800 of his signatures are invalid. This concession leaves slightly over 5,000 contested signatures from which petitioner must establish the 2,509 additional signatures he needs. One thousand nine hundred of the contested signatures were declared invalid because they were on sheets containing a witness' statement in which the number of signatures affixed to the petition in the witness' presence was crossed out and replaced with a larger number and the alteration was not initialed. One thousand four hundred and seventy-four signatures were ruled invalid because the signers either failed to list or incorrectly listed their election district or, where appropriate, their assembly district. Six hundred and twenty-four signatures were ruled invalid because the signatures did not appear on the records of the State Board of

Elections as registered Democrats. Of the remaining 1,210 contested signatures, 1,144 were declared invalid for failure to designate, or incorrectly designating, the ward, county, town or city, where appropriate. An additional 66 signatures were declared invalid because they were dated prior to the first day to sign petitions; subsequent to witnesses' statements, or contained an incomplete date. As Special Term noted, material unexplained or uninitialed alterations have been held to invalidate a designating petition (*Matter of Nobles v Grant,* 57 AD2d 600, affd 41 NY2d 1048). In *Nobles (supra)* the court noted that the requirements of section 135 (now 6-130 and 6-132) of the Election Law must be strictly complied with (*Matter of Rutter v Coveney,* 51 AD2d 1049, affd 38 NY2d 993). The uninitialed and unexplained change of the number of signatures affixed to the petition in the presence of the subscribing witness must be deemed material (*Matter of White v McNab,* 40 NY2d 912). Therefore, due to the presence of material, uninitialed alterations on the designating petitions, the 1,900 signatures in question must accordingly be declared invalid (*Matter of Klemann v Acito,* 64 AD2d 952). Sections 6-130 and 6-132 of the Election Law clearly mandate that a signer *must* list, and list correctly, his election district, residence address, ward (if any), town or city, and in the City of New York and in towns in the County of Nassau, the petition must also set forth the assembly district in which the signer resides. The failure to so specify the relevant information has been held to be a fatal defect (*Matter of De Bruin v McGee,* 40 NY2d 909; *Matter of Flanagan v Schwartz,* 40 NY2d 910; *Matter of Rutter v Coveney,* 38 NY2d 993; *Matter of Honig v Board of Elections of Nassau County,* 51 AD2d 1050, affd 38 NY2d 995; *Matter of Berry v Dodd,* 51 AD2d 1050, affd 38 NY2d 995; *Matter of Sciarra v Donnelly,* 45 AD2d 941, revd 34 NY2d 970). In *Matter of Sciarra v Donnelly (supra)* the Court of Appeals held that substantial compliance with the Election Law did not suffice where the signatures in dispute contained the proper address but listed incorrect election or assembly districts. The court pointed out, however, that the confusion there was not caused by redistricting or reapportionment. Petitioner asserts that 250 signatures were invalidated because the subscribing witnesses stated their assembly or election districts inaccurately, relying on their voter identification cards which had been issued to them by the board in years when they were resident at the same address. Unknown to them, their neighborhoods had been redistricted. We find, that under these circumstances, the court should not vitiate these 250 otherwise valid signatures. It appears therefore that Special Term was correct in invalidating all but 250 of the 1,474 signers of the petitions who either failed to list or incorrectly listed their election district or, where appropriate, their assembly district. We need not go further and consider the validity or invalidity of the remaining contested signatures. Even if the petitioner were able to establish that the remaining contested signatures are valid he will fall short of reaching the 20,000 signatures needed to gain a position on the Democratic primary ballot. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.