—Appeal from a judgment of the Supreme Court at Special Term, entered August 22, 1978 in Albany County, which granted petitioner’s application, in a proceeding pursuant to section 16-102 of the Election Law, seeking to validate the petition designating petitioner as a candidate of the Democratic Party for the office of Member of Assembly for the 136th Assembly District, in the September 12 primary election. Petitioner, in an attempt to be placed on the primary ballot of the Democratic Party as a candidate for Member of Assembly from the 136th Assembly District, circulated a designating petition in this district. This petition, which was filed July 27, 1978 with the respondent State Board of Elections, consisted of one volume containing 61 sheets and 831 signatures. Augustine F. Moran filed objections and specifications of objections to the petition. The respondent Board of Elections ruled that there were only 484 valid signatures on the petition and that, since this was less than the required 500 signatures, the petition should be rejected. Thereafter, pe *953 titioner commenced this proceeding seeking to validate the designating petition. Special Term found that 507 signatures were valid and ordered that petitioner be placed on the primary ballot. After a review of the record, this court finds that petition failed to contain a sufficient number of valid signatures to qualify petitioner for a place on the primary ballot. Among the signatures found to be invalid are those of 162 signers who failed to clearly indicate their ward and election districts. The designating petition contained a separate column in which the signer could insert his election district but the petition did not contain a separate column in which the signer could insert his ward. Consequently, these 162 signers inserted two figures in the election district column without clearly designating which number referred to the ward and which referred to the election district. In view of the strict construction of the mandates of the Election Law (Matter of Rutter v Coveney, 38 NY2d 993; Matter of Sciarra v Donnelly, 34 NY2d 970), an ambiguity as to essential matter must be treated strictly as error. The failure of some attesting witnesses to correctly designate their assembly district results in the invalidity of 74 signatures since such a failure is a fatal defect (Matter of Maurin v Allis, 28 AD2d 810, affd 20 NY2d 671). The failure of the attesting witness on nine sheets of the designating petition to include the date of attestation invalidates all signatures on the petition sheets on which the omission occurred (Matter of Pabian v McNab, 9 Mise 2d 965, affd 4 AD2d 834, affd 3 NY2d 888). Accordingly, the 96 signatures on these nine sheets of the petition are invalid. On five of the sheets of the designating petition containing 65 signatures, the portion of the witness’ statement which stated the total of the signatures obtained was altered, and these alterations were not explained or initialed. That portion of the witness’ statement which contains the total number of signatures on the sheet of the petition is an essential element of the witness’ statement (Matter of King v Van Wart, 67 Mise 2d 592, affd 37 AD2d 773). Consequently, the unexplained and uninitialed alterations of this essential element of the witness’ statement resulted in the invalidation of the 65 signatures contained on these five sheets of the petition (.Matter of Berger v Acito, 64 AD2d 949; Matter of White v McNab, 40 NY2d 912; Matter of Nobles v Grant, 57 AD2d 600, affd 41 NY2d 1048). In view of the foregoing, a total of 397 signatures are invalid under the statutory criteria. This leaves 434 valid signatures, or 66 less than the 500 required by section 6-136 (subd 2, par [1]) of the Election Law. Judgment reversed, on the law and the facts, without costs, and petition denied. Mahoney, P. J., Greenhlott, Sweeney, Staley, Jr., and Main, JJ., concur.