■ In the Matter of RICHARD BRODSKY, Respondent, v ALBERT T. HAYDUK et al., Constituting the Board of Elections of the County of Westchester, Respondents, and JOHN P. McGLOINE, Appellant. In the Matter of BURTON SIEGEL, Respondent, v ALBERT T. HAYDUK et al., Constituting the Board of Elections of the County of Westchester, Respondents, and JOHN P. McGLOINE, Appellant.—In consolidated proceedings, inter alia, to invalidate petitions designating John P. McGloine as a candidate in the Republican Party primary to be held on September 11, 1979, for the public office of County Legislator, 9th Legislative District, the appeal is from a judgment of the Supreme Court, Westchester County, entered August 20, 1979, which, after a hearing, granted the applications. Judgment affirmed, without costs or disbursements. The findings of fact made by Special Term are sustained by the evidence (see Matter of Nobles v Grant, 57 AD2d 600, affd 41 NY2d 1048; Matter of Berger v Acito, 64 AD2d 949, 950). Mollen, P. J., O'Connor, Rabin, Shapiro and Gibbons, JJ., concur.

■ In the Matter of EDWARD J. CARLSON et al., Appellants, v STANLEY HARWOOD et al., Constituting the Board of Elections of the County of Nassau, et al., Respondents.—In a proceeding, inter alia, to validate petitions designating the petitioners as candidates in the Democratic Party primary election to be held on September 11, 1979 for the public office of Council Member for the City of Glen Cove, the appeal is from a judgment of the Supreme Court, Nassau County, dated August 14, 1979, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. The main question presented on appeal is whether Special Term had jurisdiction to entertain this proceeding. The facts are not in dispute. The designating petitions were filed on July 26, 1979, which was the last date on which they could properly be filed with the Board of Elections. Accordingly, the last date for the commencement of a proceeding with respect to these petitions was August 9, 1979 (see Election Law, § 16-102, subd 2). Objections were filed with the Board of Elections on July 30, 1979. The petitioners did not learn that their petitions had been declared invalid until August 8, 1979. On August 9, 1979, in the afternoon, an order to show cause was signed by Mr. Justice Pittoni directing that the Board of Elections show cause why the petitions should not be validated. The order to show cause provided for service on the respondents on August 9, 1979. An attorney representing the petitioners was informed by the clerk at Special Term that the order to show cause would not be ready until late in the afternoon of August 9. The attorney failed to pick it up that day. When the attorney inquired at Special Term in person the following day, August 10, an employee in the clerk's office, without the knowledge or consent of Mr. Justice Pittoni, altered the order to show cause so as to permit service to be made on the respondents on August 10, 1979. The respondents were served personally on August 10. On August 14, at a hearing, Mr. Justice Pittoni refused to amend the order to show cause nunc pro tunc to permit service on August 10. Service not having been made in accordance with the order of the court, Special Term lacked jurisdiction to entertain this proceeding. We pass on no other issues. Lazer, J. P., Mangano, Gulotta and Martuscello, JJ., concur.