(October 9, 1998)

■ In the Matter of JOHN F. ZOBEL, JR., et al., Respondents, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents, and

ADA RABASA et al., Appellants. [678 NYS2d 794] —Per Curiam. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered September 23, 1998 in Albany County, which, *inter alia*, dismissed the application of various respondents, in a proceeding pursuant to Election Law § 16-102, to declare valid the independent nominating petition naming them as candidates of the Term Limits Party for the offices of Governor, Lieutenant Governor, Comptroller, Attorney-General and United States Senator in the November 3, 1998 general election.

On August 18, 1998, an independent nominating petition containing 30,231 signatures was filed with respondent State Board of Elections naming five individual respondents (hereinafter the candidates) as the Term Limits Party candidates for the State-wide offices of Governor, Lieutenant Governor, Comptroller, Attorney-General and United States Senator. The Board invalidated 20,732 of the signatures so that the petition contained 9,499 signatures, less than the 15,000 required for the petition to be valid under Election Law § 6-142. Of the 20,732 invalid signatures, 6,435 were invalidated pursuant to Election Law § 6-140 because the signer or subscribing witness designated the incorrect town or city on the petition. The candidates thereafter commenced a proceeding to validate their petition,* principally arguing that Election Law § 6-140 is unconstitutional and that the 6,435 signatures are therefore valid. Supreme Court invalidated the petition, prompting this appeal by the candidates.

We affirm. Initially, we reject the candidates' argument, raised for the first time on appeal, that the 6,435 signatures are valid under the reasoning set forth in *Matter of Robelotto v Burch* (242 AD2d 397), in which we held that a signer's failure to notify the Board of Elections of a change of address which results in a discrepancy between the address listed on a designating petition and the address on file with the Board will not affect the signer's qualification to vote. While the signers in *Matter of Robelotto (supra)* actually resided at the addresses listed in the designating petition and were thus qualified to vote, here the evidence indicates that the challenged city and town listings set forth in the nominating petition were incorrect and that the signers failed to accurately furnish the information required to validate their signatures.

Turning to the candidates' constitutional challenge, we are

---

* Two other proceedings involving the candidates' independent nominating petition were also filed; all three proceedings were ultimately consolidated.

unpersuaded that Election Law § 6-140, which requires that an independent nominating petition include the town or city in which each signor or subscribing witness resides, imposes an undue burden upon the electoral process. Strict compliance with the town or city requirement set forth in Election Law § 6-140 serves the legitimate purpose of facilitating the discovery of fraud (*see, Matter of Rubinstein v Board of Elections*, 122 AD2d 974, 975, *lv denied* 68 NY2d 605) and allows the rapid and efficient verification of signatures within the restrictive time periods imposed by the Election Law (*see generally, Schulz v Williams*, 44 F3d 48, 57). Although the recent computerization of State-wide voter registration records would assist in the process of verifying petition signatures, individual objectors without access to the computerized voter registration records must still manually check the signatures. Moreover, contrary to the candidates' contentions, the reasonable, nondiscriminatory requirement imposed by Election Law § 6-140 does not restrict access to the State ballot or place an unconstitutional burden on the candidates' 1st and 14th Amendment rights to associate (*see, Schulz v Williams, supra,* at 58-59). In our view, the town or city requirement imposed by Election Law § 6-140 has not been shown to be unconstitutional.

Because the candidates do not dispute that the 6,435 signatures at issue are accompanied by incorrect town or city listings, and since inaccurate town or city designations in an independent nominating petition require invalidation of the corresponding signature (*see, Matter of De Masi v D'Apice*, 97 AD2d 526, *affd* 60 NY2d 817), we agree with Supreme Court's conclusion that the petition contains less than 15,000 valid signatures and is therefore invalid. In view of the foregoing, we need not address the parties' remaining arguments.

Mikoll, J. P., Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.