OPINION OF THE COURT
 

 Per Curiam.
 

 Objector commenced this proceeding challenging the sufficiency of the petition designating John Sweeney as the Inde
 
 *433
 
 pendence Party candidate for the House of Representatives for the 20th Congressional District. Supreme Court invalidated the petition, excluding 48 signatures for failure of the signers to accurately designate a town or city, leaving an insufficient number of valid signatures
 
 (see
 
 Election Law §§ 6-130, 6-136). The Appellate Division affirmed with two Justices dissenting. Candidate appeals as of right based on the two-Justice dissent on a question of law (CPLR 5601 [a]). Objector cross-appeals.
 

 Section 6-130 of the Election Law provides that
 
 “a
 
 designating petition must set forth in every instance the name of the signer, his or her residence address, town or city (except in the city of New York, the county), and the date when the signature is affixed.” Because, in a number of instances, the petition signers did not accurately set forth the town, the candidate did not have sufficient signatures. We adhere to our precedent in
 
 Matter of Frome v Board of Elections of Nassau County
 
 (57 NY2d 741, 742-743 [1982];
 
 see also Matter of Zobel v New York State Bd. of Elections,
 
 254 AD2d 520 [1998]) that compliance with the statute is required, as it constitutes a matter of substance and not of form. An amendment of the statute such as candidate seeks is for the Legislature to make. Moreover, in 1996, the Legislature amended section 6-130 by, among other things, eliminating the requirement of designating wards, election districts and assembly districts. Significantly, it left intact the provision requiring the designation of towns and cities (L 1996, ch 709, § 1-a).
 

 This case is distinguishable from
 
 Molinari v Powers
 
 (82 F Supp 2d 57 [ED NY 2000]). There, a Federal District Court held that Election Law § 6-132 was unconstitutional in requiring a signer of a primary petition to list towns. In
 
 Molinari,
 
 however, the parties stipulated, and the record reflected, that “provisions of the New York State Election Law at issue herein impose an undue burden on access to ballot in connection with the 2000 New York State Republican Presidential Primary” (82 F Supp 2d at 71). Here the parties neither raised similar constitutional issues before the trial court nor sought to develop record evidence in support of constitutional violations, and we, therefore, have no basis for passing on constitutional issues.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs. Objector’s cross appeal should be dismissed for lack of aggrievement.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur in per curiam opinion; Judge Graffeo taking no part.
 

 
 *434
 
 On appeal by appellant-respondent, order affirmed, without costs. Appeal by respondent-appellant dismissed, without costs, for lack of aggrievement.