■ In the Matter of JEFFREY STARK, Appellant, v NEIL KELLEHER et al., as Commissioners of the New York State Board of Elections, et al., Respondents. [820 NYS2d 193]—

Per Curiam. Appeal from a judgment of the Supreme Court (Collins, J.), entered August 14, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to

Election Law § 16-102, to declare valid the designating petition naming petitioner as the Democratic Party candidate for the public office of State Senator for the 44th Senate District in the September 12, 2006 primary election.

Petitioner filed a designating petition, containing 1,175 signatures, naming him as a candidate seeking the Democratic Party nomination for the public office of State Senator for the 44th Senate District in this year's primary election. After objections were filed by respondent Thomas L. Bellick, the State Board of Elections held a hearing and invalidated the designating petition upon finding that 259 of the signatures were deficient, leaving petitioner with less than the required number of 1,000 signatures. Petitioner, in turn, commenced this proceeding pursuant to Election Law § 16-102 seeking to validate the designating petition on the ground that the Board should not have invalidated those signatures where the signers failed to properly list their correct town or city. Following joinder of issue, Supreme Court found that the signers' failure to correctly list their town or city on the petition was a fatal defect requiring dismissal of the petition. Petitioner now appeals.

We affirm. Election Law § 6-130 provides that "[t]he sheets of a designating petition must set forth in every instance the name of the signer, his or her residence address, town or city (except in the city of New York, the county), and the date when the signature is affixed."* The Court of Appeals has held that compliance with this statute is a substantive requirement and that the failure of signers of a petition to accurately set forth their town or city will result in the invalidation of such signatures (*see Matter of Stoppenbach v Sweeney*, 98 NY2d 431, 433 [2002]). This is consistent with this Court's decision in *Matter of Zobel v New York State Bd. of Elections* (254 AD2d 520 [1998]), involving Election Law § 6-140, which imposes the same requirement in an independent nominating petition. In that case, this Court noted that the town or city requirement "serves the legitimate purpose of facilitating the discovery of fraud and allows the rapid and efficient verification of signatures within the restrictive time periods imposed by the Election Law" (*id.* at 522 [citation omitted]). Clearly, such requirement serves the same purpose in Election Law § 6-130.

We are unpersuaded by petitioner's contention that technological developments and the establishment of a computerized statewide voter registration database under the Help America

---

* Although petitioner directs his challenge to Election Law § 6-132, which specifically addresses the form of the designating petition, that section incorporates the town and city requirement set forth in Election Law § 6-130.

Vote Act of 2002 (*see* 42 USC § 15483) distinguish the instant case from *Matter of Stoppenbach v Sweeney* (*supra*) and render the town and city requirement obsolete. The states are still left with the discretion to determine the manner of compliance with the Help America Vote Act of 2002 (*see* 42 USC § 15485) and, in our view, any finding that the statutory information required by Election Law § 6-130 is no longer necessary given this new legislation should be made by the Legislature and not the courts.

Petitioner's reliance on *Matter of Curley v Zacek* (22 AD3d 954 [2005], *lv denied* 5 NY3d 714 [2005]) and *Matter of Berkowitz v Harrington* (307 AD2d 1002 [2003]) for the proposition that town and city information is not mandatory is misplaced. Those cases involved inaccurate town and city information provided by subscribing witnesses, not by signers of the petition, whose complete residence addresses nevertheless appeared elsewhere in the petitions. Furthermore, we find no merit to petitioner's assertion that the town and city requirement violates the US Constitution as we have already found that such a requirement "does not restrict access to the State ballot or place an unconstitutional burden on the candidates' 1st and 14th Amendment rights to associate" (*Matter of Zobel v New York State Bd. of Elections, supra* at 522). Therefore, we find no reason to disturb Supreme Court's judgment.

Cardona, P.J., Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

(August 24, 2006)