<hr />

SECOND DEPARTMENT, SEPTEMBER, 2012

(September 10, 2012)

■ In the Matter of MITCHELL TISCHLER, Appellant, v Dov HIKIND, Respondent, et al., Respondent. [951 NYS2d 529]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Dov Hikind as a candidate in a primary election to be held on September 13, 2012, for the nomination of the Conservative Party as its candidate for the public office of Member of the Assembly, 48th Assembly District, the petitioner appeals from a final order of the Supreme Court, Kings County (Pesce, J.), dated August 9, 2012, which, after a hearing, denied that branch of the petition which was to invalidate the subject designating petition.

Ordered that the final order is reversed, on the law, without costs or disbursements, that branch of the petition which was to invalidate the petition designating Dov Hikind as a candidate in a primary election to be held on September 13, 2012, for the nomination of the Conservative Party as its candidate for the public office of Member of the Assembly, 48th Assembly District is granted, and the Board of Elections in the City of New York is directed to remove the name of Dov Hikind from the appropriate ballot.

The petitioner commenced this proceeding, inter alia, to invalidate a petition designating Dov Hikind as a candidate in a primary election to be held on September 13, 2012, for the nomination of the Conservative Party as its candidate for the public office of Member of the Assembly, 48th Assembly District. Ten valid signatures were required on the designating petition. It contained 12 signatures, three of which were challenged by the petitioner. The Supreme Court concluded that two of the signatures were invalid, and those signatures are not at issue on this appeal. With respect to the third signature challenged by the petitioner, at the hearing conducted before the Supreme Court, the parties stipulated that the signer signed his name, was enrolled in the relevant political party, and lived in the relevant district, but that the subscribing witness inserted an incorrect residence address for the signer. The Supreme Court concluded that this signature was valid and, therefore, denied the subject branch of the petition upon finding that there were 10 valid signatures. The petitioner appeals and we reverse.

Election Law § 6-130 provides that "[t]he sheets of a designating petition must set forth in every instance the name of the signer, his or her residence address, town or city (except in the city of New York, the county), and the date when the signature is affixed." The requirements of this statute "must be strictly complied with, as it is a matter of prescribed content" (*Matter of DiSanzo v Addabbo*, 76 AD3d 655, 656 [2010]; *see Matter of Stoppenbach v Sweeney*, 98 NY2d 431, 433 [2002]). For example, the failure to accurately identify a signer's town or city, or county in the City of New York, will invalidate the signature involved (*see Matter of Stoppenbach v Sweeney*, 98 NY2d at 433; *Matter of Stark v Kelleher*, 32 AD3d 663, 664 [2006]; *Matter of Bowen v Ulster County Bd. of Elections*, 21 AD3d 693, 695 [2005]).

Although a subscribing witness may insert any required information other than the signature itself (*see* Election Law § 6-134 [7]), here, since the subscribing witness inserted an incorrect residence address for the signer in connection with the signature at issue, that signature should have been invalidated (*see Matter of Stoppenbach v Sweeney*, 98 NY2d at 433; *Matter of Liepshutz v Palmateer*, 65 NY2d 965, 966-967 [1985]; *Matter of DiSanzo v Addabbo*, 76 AD3d at 656; *Matter of Harfmann v Sachs*, 138 AD2d 550, 550 [1988]; *Matter of Gleason v Longo*, 133 AD2d 289, 289-290 [1987]). Without this signature, the designating petition did not contain the requisite number of valid signatures. Accordingly, the Supreme Court should have granted that branch of the petition which was to invalidate the

petition designating Dov Hikind as a candidate in a primary election to be held on September 13, 2012, for the nomination of the Conservative Party as its candidate for the public office of Member of the Assembly, 48th Assembly District. Angiolillo, J.P., Florio, Roman and Sgroi, JJ., concur.