## State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: August 20, 2015                    521461
_____

In the Matter of KYLE CANARY,
                          Appellant,

        v

NEW YORK STATE BOARD OF
    ELECTIONS,                              MEMORANDUM AND ORDER
                      Respondent,
        and

ELIZABETH MAGLIOCCA,
                      Respondent.
_____

Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

_____

        Law Offices of James E. Walsh, Ballston Spa (James E. Walsh
of counsel), for appellant.

        James E. Long, Albany, for Elizabeth Magliocca, respondent.

_____

Per Curiam.

        Appeal from an order of the Supreme Court (Hartman, J.),
entered August 4, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to Election
Law § 16-102, to declare valid the designating petition naming
petitioner as a candidate for the party position of delegate to
the Conservative Party Judicial Nominating Convention, Fourth
Judicial District, from the 118th Assembly District in the
September 10, 2015 primary election.

On July 8, 2015, petitioner filed a designating petition with respondent New York State Board of Elections seeking to be nominated as a candidate for the position of delegate to the Conservative Party Judicial Nominating Convention, Fourth Judicial District, from the 118th Assembly District. Respondent Elizabeth Magliocca (hereinafter respondent), in turn, filed objections to seven of the 44 signatures submitted by petitioner (see Election Law § 6-154). The Board issued a determination that invalidated petitioner's designating petition, finding that, of the 44 signatures claimed to be filed, six signatures were invalid, leaving petitioner with 38 signatures, two short of the 40 signatures required to receive the designation. Shortly thereafter, petitioner commenced this proceeding pursuant to Election Law § 16-102 seeking, among other things, to declare his designating petition valid. Respondent answered and, at the ensuing hearing, petitioner limited his proof to three of the six signatures at issue. As to those three signatures, Supreme Court found one of them to be valid and the other two to be invalid, leaving petitioner with 39 signatures, still one short of the 40 signatures required. As a result, Supreme Court dismissed petitioner's application, and this appeal ensued.

Petitioner contends that his testimony at the hearing cured the defects with the two contested signatures and, therefore, Supreme Court erred in invalidating those signatures for failure to comply with Election Law § 6-130. Pursuant to Election Law § 6-130, "[t]he sheets of a designating petition must set forth in every instance the name of the signer, his or her residence address, town or city (except in the city of New York, the county), and the date when the signature is affixed." Strict compliance with Election Law § 6-130 is mandated, as its requirements constitute "a matter of substance and not of form" (Matter of Stoppenbach v Sweeney, 98 NY2d 431, 433 [2002]; see Matter of Hayon v Greenfield, 109 AD3d 920, 921-922 [2013]; Matter of Stark v Kelleher, 32 AD3d 663, 664 [2006], lv denied 7 NY3d 707 [2006]).

As to the first contested signature, the testimony at the hearing established that, in the box provided for a signer to designate his or her town or city, the signer at issue wrote "village." It is undisputed, however, that the signer resides in

the Town of Mayfield and, therefore, should have written "Mayfield" in the box. Where, as here, a signer fails to accurately set forth his or her town or city on the face of the designating petition, invalidation of the signature will result (see Matter of Tischler v Hikind, 98 AD3d 926, 927 [2012]; Matter of Stark v Kelleher, 32 AD3d at 664; Matter of Bowen v Ulster County Bd. of Elections, 21 AD3d 693, 695 [2005], lv denied 5 NY3d 706 [2005]; cf. Matter of Zobel v New York State Bd. of Elections, 254 AD2d 520, 552 [1998]). Accordingly, because the signer failed to accurately set forth the town he resides in, Supreme Court properly concluded that his signature is invalid, despite the fact that the correct town was established at the hearing (see Matter of Stoppenbach v Sweeney, 98 NY2d at 433).

As to the second challenged signature, petitioner testified that, although the signer signed his own name on the designating petition, petitioner filled in the signer's street address in the appropriate space provided (see Election Law § 6-134 [7]). Petitioner, however, made an error when he filled in the street address and, as a result, an inaccurate address was listed on the designating petition. Although petitioner could have remedied this error prior to submitting his designating petition by inserting the signer's correct street address (see Election Law § 6-134 [6]), he testified that he did not do so. As a result, we are constrained to conclude that the second challenged signature is also invalid, as the designating petition does not comply with the requirement that the signer's correct residence address appear on the face of the designating petition (see Election Law § 6-130; Matter of Liepshutz v Palmateer, 65 NY2d 965, 966-967 [1985]; Matter of Tischler v Hikind, 98 AD3d at 927). Based upon the foregoing, we agree with Supreme Court that there are an insufficient number of valid signatures and, therefore, petitioner's application was properly dismissed.

Finally, petitioner requests that the Conservative Party voters be granted an opportunity to ballot so as to prevent such voters from being disenfranchised. It is well settled, however, that the discretional remedy of an opportunity to ballot should be granted "only where the defects which require invalidation of a designating petition are technical in nature and do not call into serious question the existence of adequate support among

eligible voters" (<u>Matter of Harden v Board of Elections in City of N.Y.</u>, 74 NY2d 796, 797 [1989]; <u>accord</u> <u>Matter of Roberts v Work</u>, 109 AD3d 681, 682 [2013]; <u>Matter of Bowen v Ulster County Bd. of Elections</u>, 21 AD3d at 695).  Here, we find that Supreme Court did not abuse its discretion in concluding that the opportunity to ballot remedy is not appropriate in light of the fact that the defects at issue have been held to be substantive and not technical in nature (<u>see</u> <u>Matter of Stoppenbach v Sweeney</u>, 98 NY2d at 433; <u>Matter of Bowen v Ulster County Bd. of Elections</u>, 21 AD3d at 695; <u>compare</u> <u>Matter of Hall v Dussault</u>, 109 AD3d 679, 680 [2013]).

Lahtinen, J.P., McCarthy, Garry and Lynch, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court