Matter of Salka v Magee (2018 NY Slip Op 05910)





Matter of Salka v Magee


2018 NY Slip Op 05910


Decided on August 23, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 23, 2018

527136

[*1]In the Matter of JOHN SALKA, Appellant, 
v
BILL MAGEE, Respondent, et al., Respondents.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


James E. Walsh, Ballston Spa, for appellant.
Howard R. Vargas, Delmar, for Bill Magee, respondent.



MEMORANDUM AND ORDER
Per Curiam.
Appeal from an order of the Supreme Court (Ryba, J.), entered August 13, 2018 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Bill Magee as the Democratic Party candidate for the public office of Member of the Assembly for the 121st Assembly District in the September 13, 2018 primary election.
Respondent Bill Magee filed a designating petition with the State Board of Elections seeking to be named the Democratic Party candidate for the public office of Member of the Assembly for the 121st Assembly District in the September 13, 2018 primary election. Petitioner, a member of the Republican Party seeking election to the same office, filed objections to Magee's designating petition on a number of grounds. The State Board performed some staff review of the objections, but did not rule on them due to petitioner's failure to serve them on Magee by certified mail (see 9 NYCRR 6204.1 [b]). As a result, petitioner commenced this proceeding pursuant to Election Law
§ 16-102 to obtain de novo review of his objections and to invalidate Magee's designating petition. The parties stipulated that there were 672 signatures on the designating petition at the time that the proceeding was commenced.
At the ensuing hearing, petitioner presented the testimony
of Nicholas Wilock, a volunteer with the Republican Assembly Campaign Committee, who researched the grounds for challenging certain signatures on the designating petition, and that of Michael Moschetti, a State Board employee who produced records requested by petitioner's counsel through the Freedom of Information Law. Two State Board employees appeared at the hearing and objected to Moschetti's testimony as not authorized by the State Board, prompting Supreme Court to strike his testimony. The court admitted into evidence certain State Board documents that included voter information, but redacted information on the accompanying staff [*2]worksheets. The court also admitted into evidence certain certified records of the Madison County and the Oneida County Boards of Elections. Supreme Court ultimately invalidated 36 signatures on the designating petition, reducing the total number of valid signatures to 636, which is in excess of the 500 signatures required. Consequently, the court dismissed the proceeding. Petitioner now appeals.
Initially, the five signatures set forth on sheet 5, line 2, sheet 15, line 1 and sheet 61, lines 2, 4 and 5 must be invalidated as these individuals previously or contemporaneously signed the designating petition of Dan Buttermann, a member of the Democratic Party running for the same office (see Election Law § 6-134 [3]; Matter of Ehrlich v Biamonte, 65 AD3d 990, 990 [2009]; Matter of Venuti v Westchester County Bd. of Elections, 43 AD3d 482, 484 [2007], lv denied 9 NY3d 804 [2007]). Supreme Court invalidated those sheets of the designating petition witnessed by subscribing witnesses who had previously either signed or acted as subscribing witnesses on Buttermann's designating petition (see Election Law § 6-132 [2]; Matter of Gartner v Salerno, 74 AD2d 958, 959 [1980], lvs denied 49 NY2d 704 [1980]). Inasmuch as this irregularity implicates the integrity of the subscribing witnesses' statements (see Matter of McGuire v Gamache, 5 NY3d 444, 448 [2005]), the court invalidated the 17 signatures appearing on those sheets of the designating petition (see e.g. Matter of Sgammato v Perillo, 131 AD3d 648, 651-652 [2015]; Matter of Henry v Trotto, 54 AD3d 424, 426-427 [2008]). Supreme Court also invalidated the signature set forth on sheet 20, line 7, as it is dated prior to the circulation date of the designating petition (see Matter of Berger v Acito, 64 AD2d 949, 950 [1978], lv denied 45 NY2d 707 [1978]).
Turning to the irregularities that may be gleaned from the face of the designating petition itself, Election Law § 6-130 provides that "[t]he sheets of a designating petition must set forth in every instance the name of the signer, his or her residence address, town or city (except in the city of New York, the county), and the date when the signature is affixed" (see Matter of Stark v Kelleher, 32 AD3d 663, 664 [2006], lv denied 7 NY3d 707 [2006]). "The requirements of this statute 'must be strictly complied with, as it is a matter of prescribed content'" (Matter of Tischler v Hikind, 98 AD3d 926, 927 [2012], quoting Matter of DiSanzo v Addabbo, 76 AD3d 655, 656 [2010], lv denied 15 NY3d 704 [2010]). Here, there are a number of signatures that either do not set forth a street or house number in the residential address or reference only a post office box. They include sheet 3, lines 12, 13, 14 and 15, sheet 24, lines 1, 2, 3 and 4, sheet 30, line 1, sheet 54, line 9, sheet 67, lines 9 and 11, sheet 73, lines 1, 2, 6 and 7, sheet 75, line 2 and sheet 76, line 11. Accordingly, these 18 signatures must also be invalidated.
We note that Supreme Court invalidated signatures on other pages of the designating petition that are either incomplete, crossed out or not dated (see Election Law § 6-134 [6]; Matter of Avella v Johnson, 142 AD3d 1111, 1112 [2016], lv denied 28 NY3d 904 [2016]). These six signatures are on sheet 7, line 8, sheet 16, line 8, sheet 27, line 5, sheet 39, line 5, sheet 40, line 7 and sheet 59, line 5. Moreover, Supreme Court also invalidated the signatures on sheet 5, line 6 and sheet 24, line 6 of the designating petition as the town and/or city is omitted therefrom (see Matter of Stark v Kelleher, 32 AD3d at 665).
In addition to the foregoing facial deficiencies, the designating petition reveals that there are alterations to information set forth on some of the pages. It has been held that where there are alterations on a designating petition that are material in nature and not initialed, the corresponding signatures must be invalidated (see Matter of White v McNab, 40 NY2d 912, 913 [1976]; Matter of Berger v Acito, 64 AD2d at 950). Supreme Court invalidated the signatures on sheet 27, lines 1 and 4, sheet 28, line 1, sheet 44, line 5, sheet 55, line 1 and sheet 68, lines 10 and 15, as the date of these signatures was changed without initials. In addition to these seven signatures, we find that the signature on sheet 47, line 5 must be invalidated for the same reason.
Petitioner also objects to certain alterations made to the subscribing witness statements of James Mitchell on sheet 24, Douglas R. Kimball on sheet 43, Nell W. Ziegler on sheet 46 and [*3]Dorothy H. Willsey on sheet 48. An alteration to a subscribing witness statement that is not initialed or otherwise explained is a basis for invalidating all of the signatures on that sheet (see Matter of Gartner v Salerno, 74 AD2d at 959; see also Matter of Keal v Board of Elections of State of N.Y., 164 AD2d 962, 963 [1990]). Here, Mitchell, Willsey and Ziegler provided affidavits explaining the alterations and attesting to the accuracy of the signatures that they obtained [FN1]. Kimball did not provide an affidavit, but a review of his subscribing witness statement on sheet 43 does not disclose that any alterations were, in fact, made. Therefore, we find no reason to invalidate any of the signatures appearing on the sheets completed by any of these subscribing witnesses.
Petitioner's remaining objections include allegations that various individuals who signed the designating petition were either not enrolled in the Democratic Party, were not registered to vote, did not reside in the 121st Assembly District, wrote the wrong town and/or city next to their signatures or did not sign their names but printed them contrary to voter registration records. Evaluating the validity of these objections requires consideration of extrinsic documentation containing voter information maintained by the State Board and/or the Madison County and the Oneida County Boards of Elections. Although Supreme Court admitted certain State Board documents into evidence during Moschetti's testimony, it later struck his testimony and thereby removed any foundation for admitting such documents into the record (see CPLR 2307, 4518 [c]; 4540). In view of this, the State Board's documents are not properly before this Court and have not been considered.
As for the records of the Madison County and the Oneida County Boards of Elections, Supreme Court admitted them into evidence as business records (see CPLR 4518 [a]), but without any witness testimony to establish their probative value. It is petitioner who bore the burden of proving the invalidity of the designating petition (see Matter of Acosta v Previte, 39 NY2d 720, 721 [1976]; Matter of Stavisky v Lee, 142 AD3d 933, 933 [2016]). Significantly, petitioner failed to introduce these records until after Wilock had provided a detailed line by line description, and Supreme Court properly found that testimony to be unsupported under the circumstances (see Andoh v Milano, 271 AD2d 358, 359 [2000]). We accordingly find that petitioner failed to satisfy his burden of demonstrating that his remaining objections warrant invalidating additional signatures.
In sum, based upon the above, 57 of the 672 signatures on Magee's designating petition are invalid. As there are 615 remaining valid signatures, which is more than the required 500, the designating petition is valid, and, therefore, we affirm the dismissal of this proceeding.
Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Similarly, petitioner takes issue with sheets 54 and 63 on which subscribing witness Douglas Scott Blanchard-Marshall completed two witness statements misstating his correct residence address. However, he also submitted an affidavit explaining the error and attesting to the validity of the signatures. Accordingly, the signatures on these pages of the designating petition need not be invalidated.