| Wymczak v Niagara County Bd. of Elections |
|:---:|
| 2025 NY Slip Op 31528(U) |
| April 29, 2025 |
| Supreme Court, Niagara County |
| Docket Number: Index No. E187161/2025 |
| Judge: Mario A. Giacobbe |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At a Special Term of the Supreme Court
of the State of New York, held in and for
the County of Niagara, at the Courthouse,
175 Hawley St, Part 3, Lockport, New
York, on the 29th day of April, 2025

HON. MARIO A. GIACOBBE, J.C.C.
NEW YORK STATE SUPREME COURT

STATE OF NEW YORK
SUPREME COURT: COUNTY OF NIAGARA

---

**SCOTT WYMCZAK,** Objector,

Petitioner,

v.

**NIAGARA COUNTY BOARD OF ELECTIONS
MARIA FABRIZIO,** purported candidate,

Respondents.

**Index No.: E187161/2025
DECISION & JUDGMENT**

---

Joseph T. Burns, Esq.
*Attorney for Petitioner*

Brittany L. Penberthy, Esq.
*Attorney for Respondent Maria Fabrizio*

Claude A. Joerg, Esq.
Attorney for Respondent Niagara County Board of Elections

---

MARIO A. GIACOBBE, J.C.C.

This proceeding under Election Law §16-102 was commenced by Petitioner, Scott

Wymczak, to invalidate the Democratic Party designating petition of Respondent Maria Fabrizio

("Respondent Fabrizio") naming her as a candidate for Niagara County Legislator for District #15.

Petitioner filed general and specific objections pursuant to Election Law §6-154. This matter was

1

[* 1]

returnable on April 24, 2025, at which time counsel for parties appeared and a hearing was scheduled.

A hearing was conducted on April 28, 2025. Petitioner called Jennifer Sandonato, Niagara County Board of Elections Republican Commissioner, and Erin Norris, Niagara County Board of Elections employee. Respondent Fabrizio called Molly Pasceri and Lora Allen, Niagara County Board of Elections Democratic Commissioner.

The following items of evidence were received by the Court:

**Petitioner's "A"** – Petition Review Work Sheet, Designating Petition Cover Sheet & Democratic Designating Petition Sheets #1 through #9 for Maria Fabrizio for the Niagara County Legislative District #15

**Petitioner's "B"** – General Objection Forms

**Petitioner's "C"** – Voter Record Report

**Respondents' "1"** – Voter Card

**Respondents' "2"** – Specifications of Objections

This Court also reviewed the pleadings, affirmations and exhibits filed in NYSCEF as Documents #1 through #12.

At the hearing, Commissioner Sandonato compared information relating to the name of signor, residence and city/town information from Petitioner's "A" to the information relating to the voter name, address and town found in Petitioner's "C." Commissioner Sandonato testified to many instances where a signor or subscriber indicated the wrong town or city, or, in other instances, indicated a village or hamlet instead of a town or city.

Commissioner Allen testified Respondent Board of Elections mailed Niagara County voters "Exercise Your Right to Vote" cards containing information about the 2025 primary and

2

general elections (see Respondent's #1). On one side of Respondent's #1, the name and address of Molly R. Pasceri is listed as "3632 Day Rd, Lockport NY 14094-9450." On the reverse side Respondent's #1, the following information is displayed in the upper left hand corner of the card:

| M085712 | Your Party Affiliation is: DEM |
|---|---|
| Town Ward District | NEWFANE  000 005 |

RESIDENCE          3632 DAY RD

ADDRESS:              LOCKPORT NY 14094

Molly Pasceri testified she believed she resided in Lockport. But, turning to Respondent Board of Election's Voter Record Report for Molly Pasceri, Page #1 of Petitioner's Exhibit "C", her address is "3632 Day RD, LOCKPORT, NY 14094" and her "Town" designation is "NEWFANE."

Sheets #1 through #6 of Petitioner's "A", contain a STATEMENT OF WITNESS section displaying the information of "Molly R. Pasceri" at "3632 Day Road, Lockport, NY 14094." In the WITNESS IDENTIFICATION INFORMATION section, the Town or City is "Lockport."

A designating petition "must set forth in every instance the name of the signer, his or her residence address, town or city (except in the city of New York, the county), and the date when the signature is affixed" (*Stoppenbach v. Sweeney*, 98 N.Y.2d 431, 433 [2002]). A petition must be invalidated if the signer or subscribing witness designates the incorrect town or city *(see Zobel v. New York State Bd. of Elections,* 254 A.D.2d 520, 521 [3rd Dept1998]). The designation of a village in lieu of a town or city does not comply with Election Law §6-130 and "renders the designating petition invalid" (*Scamacca v. Mahoney,* 104 A.D.2d 730 [4th Dept 1984]).

Petitions will not be dismissed when the subscribing witness places the correct city or town designation in the "STATEMENT OF WITNESS" and yet places the incorrect city or town in the

3

[* 3]

"WITNESS IDENTIFICATION INFORMATION" (See *Dalton v. Wayne Cnty. Bd. of Elections*, 65 A.D.3d 817, 819 [4th Dept 2009]; see also *Powers v. Kozlowski*, 54 A.D.3d 540, 541 [4th Dept 2008]).

Unlike the situation in *Dalton*, supra, where a witness indicated a correct city or town designation in the "STATEMENT OF WITNESS" but placed the incorrect city or town in the "WITNESS IDENTIFICATION INFORMATION," Sheets #1 through #6 contain the incorrect town or city for Ms. Pasceri in both the "STATEMENT OF WITNESS" and the WITNESS IDENTIFICATION INFORMATION. Ms. Pasceri stated her residence was Lockport when, according to Niagara County Board of Elections records, she should have indicated Newfane. The Court can understand why Ms. Pasceri would have been confused about her city or town residency designation based on testimony and evidence before the Court. However, in conformity with *Zobel*, this Court finds Democratic Designating Sheets #1 through #6 of Petitioner's "A" are invalid as the incorrect town is listed in both sections by the subscribing witness.

Even if Ms. Pasceri had designated her correct city or town on Sheets #1 through #6, it was clear from Commissioner Sandonato's testimony that the following signatures indicated incorrect cities or towns:

Sheet #2, Lines #1 through #20;

Sheet #3, Lines #1 through #11; and

Sheet #4, Lines #7 through #8.

Additionally, based on the testimony of Commissioner Sandonato, Democratic Designating Sheet #7 of Petitioner's "A", Line #1, and Lines #3 through #20, all contain the incorrect city or town. This Court finds Democratic Designating Sheet #7 of Petitioner's "A" to

4

[* 4]

be in invalid. Furthermore, Democratic Designating Sheets #8 of Petitioner's "A", Lines #1 through #6 also contain the incorrect city or town and are invalid.

This Court finds the two (2) signatures on Sheet #9 of Petitioner's A are valid.

It is the finding of this Court that Respondent Fabrizio's Democratic Designating Petition contains two (2) valid signatures on Sheet #9, namely signatures #1 and #2. It is the further finding of this Court that, based on the foregoing, all other signatures are invalid. Respondent Fabrizio falls significantly short of the one hundred and eleven (111) signatures required for her present candidacy.

It is hereby ORDERED that Respondent Board of Elections is restrained and prohibited from placing the name of Respondent Fabrizio on the 2025 primary and/or general election ballot as a Democratic candidate for the public office of Niagara County Legislator for Legislative District #15.

This decision shall constitute the judgment of the Court.

Dated: April 29, 2025

Hon. Mario A. Giacobbe, J.C.C.
Acting Supreme Court Justice
County of Niagara

5