Matter of Schultz v Nassau County Bd. of Elections

2026 NY Slip Op 03110

May 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Paul J. Schultz, etc., appellant,

v

Nassau County Board of Elections, respondent, James D. Conroy, etc., respondent-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 14, 2026

2026-04377, (Index No. 62849/26)

Lara J. Genovesi, J.P.

Deborah A. Dowling

Lillian Wan

Carl J. Landicino

Susan Quirk, JJ.

[*1]

DECISION & ORDER

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating the petitioner as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Republican Party as its candidate for the public office of Member of the New York State Assembly for the 14th Assembly District, the petitioner appeals from a final order of the Supreme Court, Westchester County (Amy S. Puerto, J.), dated April 28, 2026. The final order denied the petition, inter alia, to validate the designating petition and, in effect, dismissed the proceeding.

ORDERED that the final order is affirmed, without costs or disbursements.

The petitioner filed a petition designating himself as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Republican Party as its candidate for the public office of Member of the New York State Assembly for the 14th Assembly District. The designating petition contained 1,139 signatures. James D. Conroy filed objections, and, after reviewing the objections, the Nassau County Board of Elections sustained 1,124 objections, which left the petitioner with fewer than the 500 required signatures. Many of the disputed signatures were invalidated on the ground that the signer's town or city was "Wrong or Missing." The petitioner subsequently commenced the instant proceeding pursuant to Election Law § 16-102, inter alia, to validate the designating petition. In a final order dated April 28, 2026, the Supreme Court denied the petition, inter alia, to validate the designating petition and, in effect, dismissed the proceeding. The petitioner appeals.

A candidate's "designating petition must set forth in every instance the name of the signer, his or her residence address, town or city (except in the city of New York, the county), and the date when the signature is affixed" (id. § 6-130 [emphasis added]). Pursuant to the Election Law, "'residence' shall be deemed to mean that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return," but the Election Law does not specify the manner in which such address shall be recorded, except that customary abbreviations may be used (id. § 1-104[22]; see id. § 6-134[5]). "A signature on a petition sheet shall not be deemed invalid solely because the address provided is the post office address of the signer provided that proof that such address is the accepted address of such signer is provided to the board of elections no later than three days following the receipt of specific objections to such signature" (id. § 6-134[12]). In addition, the Election Law specifies that a voter's registration record shall include, inter alia, both "[t]he residence address at which the voter claims to reside and post office address, if not the same" (id. § 5-500[4][d]), and "[t]he assembly district or ward and the election district in which such residence address is located" (id. § 5-500[4][e]).

The Court of Appeals has held that the designation of the "city or town," because it is a matter of legislatively mandated content, is a matter of substance and not form, and thus, a failure to include such information is fatal to the petition (Matter of Frome v Board of Elections of Nassau County, 57 NY2d 741, 742 [internal quotation marks omitted]; see Matter of Stoppenbach v Sweeney, 98 NY2d 431, 433). Therefore, "the failure to accurately identify a signer's town or city, or county in the City of New York, will invalidate the signature involved" (Matter of Tischler v Hikind, 98 AD3d 926, 927; see Matter of Henry v Trotto, 54 AD3d 424, 426). Accordingly, the Supreme Court properly denied the petition, inter alia, to validate the designating petition and, in effect, dismissed the proceeding.

The petitioner's contention that Election Law §§ 6-130 and 6-132 violate his constitutional right to free speech is without merit (see Matter of Carlow v Irwin, 76 AD3d 648, 650; Matter of Stark v Kelleher, 32 AD3d 663, 665), and his contention that these statutes violate the Equal Protection Clause is improperly raised for the first time on appeal (see Shmeria, LLC v Sea Gate Assn., ___ AD3d ___, ___, 2026 NY Slip Op 02862, *2; State of N.Y. Mtge. Agency v Costanza, 215 AD3d 990, 991).

In light of the foregoing, we need not reach Conroy's remaining contentions.

GENOVESI, J.P., DOWLING, WAN, LANDICINO and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court